MEMORANDUM OPINION
{¶ 1} Appellants, James Lesinski and Sharon Lesinski, appeal the February 26, 2004 judgment entry in which the Geauga County Court of Common Pleas granted the motion for summary judgment of appellee, Marotta Building Company.
 {¶ 2} On April 4, 2003, appellee filed a complaint against appellants for breach of contract and quantum meruit. This case involved a home construction contract. Appellants filed an answer on July 2, 2003. Appellee moved for summary judgment on January 8, 2004. Appellants filed a brief in opposition to appellee's motion for summary judgment and a cross motion for summary judgment on January 30, 2004.
 {¶ 3} Appellants entered into a construction contract with appellee on March 24, 1999, to construct a home in Geauga County. They executed the contract for an estimated cost of $1,353,000. Appellee was to act as the general contractor under the construction contract. The first preliminary budget dated July 18, 1998, provided for a 5% construction fee for the services of Pistone and Tesauro Builders, Inc. ("PT"), which was estimated to be $50,000, and a 10% builder fee equal to 10% of the total construction cost for appellee's services, which was estimated to be about $100,000. However, in a second budget dated March 10, 1999, the builder fee was fixed at cost of $100,000, based on a verbal agreement between the parties. The actual total construction cost was $1,278,000. This resulted in a savings of $27,800 to appellants based on the actual total construction costs of $1,278,000. The second budget also memorialized an oral agreement to fix the construction fee at $50,000. This budget was incorporated into the construction contract.
 {¶ 4} Appellants claim that appellee hired PT, a general contractor, to do its job. However, PT supervised the job, but also did carpentry work. Appellants allege that they were unaware of the additional fees for appellee subbing out its own work. According to appellants, appellee subbed out all of its own supervisory work to PT and then passed additional unauthorized fees to appellants. Appellee maintains that the construction contract explicitly listed a builder fee and a separate construction fee. Those fees totaled $150,000, and appellants were aware of both fees.
 {¶ 5} To finance the project, appellants obtained a construction loan. There were twenty four draws under the loan, each of which was delivered to appellants and appellee for approval. Thus, appellants had an opportunity to review and authorize each draw request by their signature.
 {¶ 6} Construction of the home was completed on August 31, 2000. On January 22, 2001, a cover letter was sent to appellants by appellee's president for draw number twenty-two. The letter requested payment for a few remaining items and stated that appellee would bill them for the balance of its fee. Attached to the letter was an updated budget, which showed that the construction fee had been paid in full and that $50,000 was owed for the builder fee. On March 2, 2002, appellee's president submitted draw number twenty-four to appellants as the "final bill * * * for the balance of [appellee's] fixed fee for the construction of your new home. This final bill completes the contract we began in March of 1999."
 {¶ 7} On June 5, 2002, appellee's president sent a letter to appellants offering to extend the time for payment of the final invoice until the first week of September 2002. After no response, appellee's president sent another letter on September 3, 2002, requesting payment by October 1, 2002. Appellants responded in a letter to appellee's president dated September 16, 2002, and stated that:
 {¶ 8} "[We] would like to sincerely acknowledge [his] effort to settle obligations with [appellee]. We have enjoyed living on Calley Lane and gratefully appreciate the style and expertise you contributed to the development.
 {¶ 9} "We respectfully hope that your firm has profited from our relationship and we are striving for a similar sense of value. Unexpected liabilities and additional expenditures have delayed establishing appropriate consideration for your services. Determining an equitable resolution is important to us and our long friendship.
 {¶ 10} "Please expect to hear from us soon."
 {¶ 11} On October 2, 2002, appellee sent the invoice for draw number twenty-four to appellants requesting the $50,000 plus interest at one percent per month. Appellee's president sent a letter to appellants on October 4, 2002, to which appellants did not respond. Appellee's president then sent another letter dated October 27, 2002, with an invoice. In that letter, he acknowledged that he understood appellee would be paid by the end of 2002, after appellants settled an unrelated dispute. On December 1, 2002, appellee sent an invoice to appellants, but appellants ignored it. On April 1, 2003, appellants disputed the debt after being sent a letter from appellee's attorney.
 {¶ 12} In a judgment entry dated February 26, 2004, the trial court granted appellee's summary judgment in the amount of $50,000, together with interest, and denied appellants' motion for summary judgment. Appellant timely filed the instant appeal and now assigns the following as error:
 {¶ 13} "[1.] The [t]rial [c]ourt erred when it granted [a]ppellee's [m]otion for [s]ummary [j]udgment because there were genuine issues of material fact in dispute.
 {¶ 14} "[2.] The [t]rial [c]ourt erred when it granted [a]ppellee's [m]otion for [s]ummary judgment because it improperly failed to enforce and apply the terms of the payment clause of the contract.
 {¶ 15} "[3.] The [t]rial [c]ourt erred when it denied [a]ppellant's [m]otion for [s]ummary judgment.
 {¶ 16} "[4.] The [t]rial [c]ourt erred when it allowed [a]ppellee to inequitably and unconscionably charge two general contracting fees for the same work[.]"
 {¶ 17} Preliminarily, we note that while this appeal was pending, on December 6, 2004, appellee filed a motion to dismiss claiming that the appeal is moot and must be dismissed as appellee's judgment lien had been satisfied in the collateral foreclosure case involving the subject property in question. Appellants filed a brief in opposition to the motion to dismiss on December 10, 2004, arguing that although they did not request a stay and post an appropriate bond in the foreclosure case regarding appellee's judgment lien, they allege that appellee defrauded them and that appellee was not paid in satisfaction of judgment.
 {¶ 18} "It is a well-established principle of law that a satisfaction of judgment renders an appeal from that judgment moot." Blodgett v.Blodgett (1990), 49 Ohio St.3d 243, 245. If a "judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away * * * the right to appeal or prosecute error or even to move for vacation of judgment." Lynch v. Lakewood City School Dist. Bd. of Edn.
(1927), 116 Ohio St. 361, paragraph three of the syllabus. Likewise, accepting payment of the judgment renders an appeal from that judgment moot. See Mason v. Mason, 8th Dist. Nos. 80368 and 80407, 2002-Ohio-6042, at ¶ 4-5. Thus, "[i]f an appellant neglects to obtain a stay of the judgment, the nonappealing party has the right to attempt to obtain satisfaction of the judgment even though the appeal is pending." AtlanticMtge. Invest. Corp. v. Sayers, 11th Dist. No. 2000-A-0081, 2002 WL 331734, at 1. However, when an appellant does obtain a valid stay, either through the trial court or the appellate court, the nonappealing party cannot initiate any proceedings to enforce a judgment. Id. Consequently, when "the nonappealing party is successful in obtaining satisfaction of the judgment, the appeal must be dismissed because the issues raised in the appeal have become moot." Hagood v. Gail (1995), 105 Ohio App.3d 780,785.
 {¶ 19} The issue presented here centers on the voluntariness of the so-called satisfaction of the judgment. Appellants did not voluntarily "satisfy" the judgment. Yet, this court has stated that a party is deemed to have acted voluntarily in satisfying a judgment when the party fails to seek a stay order prior to the judgment's being satisfied. SeeHagood, supra, at 790.
 {¶ 20} In this case, appellants failed to obtain a stay of execution or post a bond in the foreclosure case. They claim that they were unable to do so because of medical emergencies and unemployment. However, these particular circumstances do not provide a legal justification for appellants' failure to obtain a stay or post a bond. Further, appellee, as the non-appealing party, has successfully obtained a satisfaction of judgment. Thus, an appeal of that judgment is now moot.
 {¶ 21} For the foregoing reasons, we conclude that an appeal of the satisfied judgment is moot. Accordingly, we will not consider appellants' assignments of error.
 {¶ 22} Therefore, the instant appeal is hereby dismissed.
Christley, J., Ret., Eleventh Appellate District, sitting by assignment, concurs,
O'Neill, J., dissents with Dissenting Opinion.