JOURNAL ENTRY AND OPINION *Page 4 
{¶ 1} Cross-appellants Weston, Inc., et al. (Weston) and Browning-Ferris Industries of Ohio, Inc. (BFI) appeal various aspects of the trial court's judgment regarding the sale of over 200 acres of real estate in Glenwillow, Ohio. After reviewing the facts of the case and pertinent law, we reverse the court's decision denying Weston attorneys' fees and dismiss the remaining cross-assignments of error as moot.
 I. {¶ 2} BFI owned over 200 acres of real estate in Glenwillow, Ohio, and in October 2006, BFI agreed to sell the property to Weston, with the terms negotiated in a purchase and sale agreement (PSA). However, Duke Realty Limited Partnership (Duke) had a right of first refusal (ROFR) on the property. On October 9, 2006, which was Columbus Day, Duke received from BFI notice of the Weston offer. On October 18, 2006, Duke assigned its ROFR to Industrial Land Partners, LLC (ILP). On October 20, 2006, ILP sent to BFI by Federal Express documentation that exercised the ROFR on the property.
 {¶ 3} The pertinent paragraphs of the ROFR between BFI and Duke (now assigned to ILP) are as follows:
 "14. Notice. All notices required or permitted to be given hereunder shall be in writing and delivered in person, by overnight courier, or by certified or registered first-class prepaid mail, return receipt requested, to Seller or Buyer * * *. Any notice given in accordance with this paragraph shall be deemed to have been duly given or delivered on the date the same is *Page 5 
personally delivered to the recipient, the day after same if sent by overnight courier, or two (2) days after when mailed if sent by registered or certified mail.
 * * *
 "23. Right of First Refusal. [If BFI receives an offer on the property], Seller shall send Buyer a copy of the proposed offer and notify Buyer of Seller's intention to accept same. Buyer shall then have ten (10) business days to accept the terms of said offer in writing. If Buyer shall not so elect within the ten (10) business day period, Seller may then sell such property to said offeror * * *."
 {¶ 4} On October 21, 2006, Weston deposited $100,000 in escrow for the property in accordance with the PSA and a due diligence agreement it negotiated with BFI, effective October 16, 2006.
 {¶ 5} On October 23, 2006, BFI received ILP's correspondence exercising the ROFR. In turn, BFI notified Weston to immediately cease all due diligence transactions. BFI did not execute the PSA with Weston; rather, it went forward with the sale of the land to ILP.
 {¶ 6} On October 30, 2006, Weston filed a claim for a temporary restraining order and preliminary injunction to stop BFI's transaction with ILP, which the court granted. Weston then filed a breach of contract claim, requesting the following relief: declaratory judgment, to determine the rights of the parties; permanent injunction, to enjoin BFI from selling the property to ILP; and specific performance, to enforce its PSA with BFI. On November 20, 2006, the court found in favor of Weston, declaring that ILP did not exercise the ROFR in a timely fashion, granting Weston's permanent *Page 6 
injunction against BFI selling to ILP, and ordering specific performance of the PSA. On November 21, 2006, ILP appealed the trial court's judgment; however, it failed to obtain a stay of the judgment's execution.
 {¶ 7} Meanwhile, BFI complied with the trial court's orders, executing the PSA with, and transferring the property to, Weston on December 20, 2006. On December 22, 2006, Weston filed a motion in this court to dismiss ILP's appeal as moot because the judgment had been satisfied via specific performance of the PSA. Additionally, Weston and BFI filed cross-appeals. On February 15, 2007, we granted Weston's motion to dismiss ILP's appeal as moot,[1] leaving the cross-appeals pending.
 II. {¶ 8} Weston's three cross-assignments of error are as follows: "The trial court erred by denying appellee's request for attorneys' fees; The trial court erred in determining that the right of first refusal held by defendant Duke Realty Limited Partnership was assignable; The trial court erred in denying appellees' request for leave to file their amended complaint." *Page 7 
 {¶ 9} Weston's second and third cross-assignments of error require us to review the underlying litigation, either by interpreting one of the contracts at issue, or by determining the procedural soundness of a proposed amended complaint. No substantive case or controversy currently exists between Weston and BFI, as specific performance of the contract has been completed. This renders all arguments between Weston and BFI stemming from the underlying litigation moot. See Marotta Bldg. Co. v.Lesinski, Geauga App. No. 2004-G-2562, 2005-Ohio-558 (noting that a satisfied judgment "puts an end to the controversy, and takes away * * * the right to appeal or prosecute error or even to move for vacation of judgment") (quoting Lynch v. Board of Education (1927),116 Ohio St. 361); Siemon v. Bailey, Clark App. No. 2002-CA-10, 2002-Ohio-3488 (concluding that "[m]ootness is based on the fact that courts have no duty to decide `purely academic or abstract questions.' Therefore, if intervening events prevent a court from granting effective relief, an appeal should be dismissed") (internal citations omitted).
 {¶ 10} BFI's sole cross-assignment of error reads: "Whether the trial court erred in failing to award Browning-Ferris Industries of Ohio, Inc. its attorneys' fees incurred in connection with the underlying litigation as provided for in the due diligence agreement." Based on our disposition of Weston's first cross-assignment of error, infra, BFI's cross-assignment of error is overruled.
 III. *Page 8 {¶ 11} Weston's first assignment of error is based on the following issues: "Is a contractual provision providing for the recovery of attorneys' fees enforceable?"; "Is a trial court required to award attorneys' fees pursuant to a mandatory contractual provision providing for the recovery of attorneys' fees?" Specifically, Weston states that the court erred in denying its request for attorneys' fees under the Due Diligence Agreement. Section 4(b) of the Due Diligence Agreement, as well as section 16 of the PSA, read as follows:
 "Attorneys' Fees: In the event either party commences litigation for the judicial interpretation, enforcement, termination, cancellation or rescission hereof, then, in addition to any or all other relief awarded in such litigation, the prevailing party therein shall be entitled to a judgment against the other for an amount equal to reasonable attorneys' fees, expert witness fees, litigation related expenses, and court costs in such litigation."
 {¶ 12} In its November 20, 2006 journal entry and opinion, the court stated as follows: "* * * BFI is ordered to execute and specifically perform its obligations under the PSA with Plaintiffs, Weston, Inc., * * *. Attorneys fees are denied."
 {¶ 13} While we have no authority to review a court's decision to grant specific performance of a contract once that contract has been performed, we may review a court's determination regarding attorneys' fees for an abuse of discretion. See Brooks v. HurstBuick-Pontiac-Olds-GMC, Inc. (1985), 23 Ohio App.3d 85, 91. Furthermore, in Bittner v. Tri-County Toyota, Inc., 58 Ohio St.3d 143, 146, the Ohio Supreme Court held that "[w]hen making a fee award pursuant to [a statute], the trial court must state the basis for the fee determination. Absent such a statement, it is *Page 9 
not possible for an appellate court to conduct a meaningful review." We are aware that in the instant case Weston's right to attorneys' fees is contractual, rather than statutory; nonetheless, we analogize the instant case to Bittner. We also note that before a trial court can award attorneys' fees, it must have evidence before it regarding the reasonableness of such fees. Villella v. Waikem Motors, Inc. (1989),45 Ohio St.3d 36, 41.
 {¶ 14} A careful review of the record in the instant case shows that Weston did not present evidence of the time the attorneys spent on this case, the rates charged, or the fees of local attorneys under similar circumstances. In reading the Ohio Supreme Court's opinions inBrooks, Bittner, and Villella together, we sustain Weston's first assignment of error and remand this case to the trial court for a hearing on attorneys' fees.
 {¶ 15} Accordingly, the cross-appeal is reversed in part, dismissed in part, and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that cross-appellants share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 10 
ANTHONY O. CALABRESE, JR., PRESIDING JUDGE
MARY EILEEN KILBANE, J., and MELODY J. STEWART, J., CONCUR
[1] See, generally, Blodgett v. Blodgett (1990), 49 Ohio St.3d 243,245 (holding that "a satisfaction of judgment renders an appeal from that judgment moot"). See, also, Schuster v. City of Avon Lake, Lorain App. No. 03CA008271, 2003-Ohio-6587 (holding that "where an appeal involves the construction of a building or buildings and the appellant fails to obtain a stay of execution of the trial court's ruling and construction commences, the appeal is rendered moot"); Pinkney v.Southwick Investments, LLC, Cuyahoga App. Nos. 85074 and 85075,2005-Ohio-4167. *Page 1