[Cite as *Cisco v. Myers*, 2013-Ohio-3775.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| GEORGE AND LOUISE CISCO, | : | MEMORANDUM OPINION |
| Plaintiffs-Appellants, | : | |
| (GEORGE L. BADOVICK, | : | CASE NO. 2013-A-0011 |
| Appellant), | : | |
| - vs - | : | |
| ROBERT H. MYERS, JR., ESQ., TRUSTEE, et al., | : | |
| | : | |
| Defendants, | : | |
| WARREN & YOUNG PPL, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Court of Common Pleas, Case No. 2011 CV 871.

Judgment: Appeal dismissed.

*George L. Badovick*, 13033 Ravenna Road, Chardon, OH 44024 (For Plaintiffs-Appellants).

*Jeffrey L. Coxon* and *Jon L. Lindberg*, Warren and Young PLL, 134 West 46th Street, P.O. Box 2300, Ashtabula, OH 44005-2300, and *Charles L. Richards*, Law Office of Charles L. Richards, Hunter's Square, 8600 East Market Street, Suite 1, Warren, OH 44484-2375 (For Defendant-Appellee).

THOMAS R. WRIGHT, J.

{¶1} On February 26, 2013, appellants, George Cisco, Louise Cisco and George L. Badovick, by and through counsel, filed a notice of appeal. The instant

appeal was taken from a January 31, 2013 entry of the Ashtabula County Court of Common Pleas, in which the trial court held that appellants were jointly and severally liable to appellee, Warren & Young PLL, in the amount of $30,677.50.

{¶2}   On June 10, 2013, appellee moved this court to dismiss this appeal on the basis that the merits of the trial court's judgment have become moot.   Appellee contends that this matter should not go forward because the sole order set forth in the final judgment entry has already been fully satisfied.  Appellee maintains that, during the pendency of this appeal, it received a check from appellants' counsel for the full amount owed under the judgment.

{¶3}   Appellants filed a brief in opposition to the motion to dismiss on June 20, 2013.

{¶4}   In general, the full satisfaction of a money judgment has the effect of rendering an appeal regarding that judgment moot.  *Bestway Masonry Co. v. Gerson*, 11th Dist. No. 2010-L-036, 2011-Ohio-771, ¶4.  *See, also, JPMorgan Chase Bank v. Ritchey*, 11th Dist. Nos. 2007-L-017 & 2007-L-018, 2007-Ohio-5193, at ¶5.  This court explained:

{¶5}   "If a 'judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away * * * the right to appeal or prosecute error or even to move for vacation of judgment.'  * * *  Thus, 'if an appellant neglects to obtain a stay of the judgment, the nonappealing party has the right to attempt to obtain satisfaction of the judgment even though the appeal is pending.'  * * * Consequently, when the 'nonappealing party is successful in obtaining satisfaction of the judgment, the appeal must be dismissed because the issues raised in the appeal have become moot.'  * * *."
*Marotta Bldg. Co. v. Lesinski*, 11th Dist. No. 2004-G-2562, 2005-Ohio-558, at ¶18, citing

to *Hagood v. Gail*, 105 Ohio App.3d 780, 785 (11th Dist. 1995).

{¶6} Regarding the question as to whether the satisfaction of the judgment has occurred voluntarily, this court has said that a finding of voluntariness can still be made even if the payment of the debt was not due to any affirmative act by the judgment debtor. In *Marotta Bldg. Co.*, the debt was paid from the proceeds that were obtained in a collateral foreclosure action. Nonetheless, this court still concluded that the satisfaction of the debt was voluntary because the two appealing parties never moved for a stay of the underlying judgment. *Id.* at ¶19.

{¶7} Here, a review of the appellate docket reveals that appellants never moved this court to stay the enforcement of the judgment. Thus, this constituted a "voluntary" payment. Furthermore, since the entire debt referenced in the appealed entry has been paid, the substance of the trial court's underlying judgment is now moot.

{¶8} Based on the foregoing discussion, appellee's motion to dismiss this appeal is granted, and this appeal is hereby dismissed as moot.

{¶9} Appeal dismissed.


TIMOTHY P. CANNON, P.J., concurs,

COLLEEN MARY O'TOOLE, J., dissents.