[Cite as *Blank v. Allenbaugh*, 2018-Ohio-2582.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| LOIS M. BLANK, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-A-0022** |
| MARK H. ALLENBAUGH, et al., | : | |
| Defendants-Appellants. | : | |

Civil Appeal from the Ashtabula County Eastern District Court.
Case No. 2017 CVG 00500 E.

Judgment: Appeal dismissed.

*Bruce M. Broyles*, The Law Offices of Bruce Broyles, 2670 North Columbus Street, Suite L, Lancaster, OH 43130 (For Plaintiff-Appellee).

*Mark Allenbaugh and Jacqueline Allenbaugh*, pro se, 2934 Shirley Street, Ashtabula, OH 44004 (Defendants-Appellants).

TIMOTHY P. CANNON, J.

{¶1} This matter is before us on the motion of appellee, Lois M. Blank, to dismiss the appeal filed by appellants, Mark H. Allenbaugh and Jacqueline Allenbaugh. Appellants filed a pro se memorandum in opposition. The motion to dismiss is granted for the following reasons.

{¶2} On December 11, 2017, appellee filed a forcible entry and detainer action against appellants. Mr. Allenbaugh filed an answer to the complaint on December 26,

2017. On the same date, Mr. Allenbaugh filed a pro se motion to dismiss, and on February 2, 2018, he filed a motion for judgment on the pleadings. After an eviction hearing, the trial court overruled these motions and granted restitution of the premises to appellee in a judgment entry dated February 12, 2018; a writ of restitution issued on February 15, 2018.

{¶3} On February 22, 2018, Mr. Allenbaugh filed a pro se "Motion to Stay Pending Appeal" in the trial court. On the same date, he filed an "Emergency Motion to Stay" in the trial court because he was served with "notice that a move-out has been scheduled for 9:00 a.m., Tuesday, February 27, 2018." In these motions, Mr. Allenbaugh maintained he filed a notice of appeal from the trial court's February 12, 2018 judgment entry on February 21, 2018. However, the trial court's docket reflects a notice of appeal was faxed on February 23, 2018, but because of certain issues, the paperwork was not filed on that date. The docket entry states: "Defendant was verbally told over the telephone by deputy clerk that a signed original was required by clerk of courts before paperwork could be processed & that money would have to be in bank when doing credit card."

{¶4} On March 6, 2018, the trial court denied Mr. Allenbaugh's motion to stay pending appeal and emergency motion to stay.

{¶5} The docket reflects the notice of appeal was not filed until March 9, 2018. This is also the date stamped on the notice of appeal in this court's records.

{¶6} On April 30, 2018, appellee filed a motion to dismiss the appeal as moot because appellants had vacated the premises and appellee had taken possession. In their opposition to the motion to dismiss, appellants do not dispute they have vacated the

2

premises but argue their attempt to obtain a stay pending appeal was enough to prevent the cause from becoming moot. They further maintain the trial court's decision denying their requests for a stay was untimely.

{¶7} A forcible entry and detainer action decides the right to immediate possession of the property and nothing else. *Seventh Urban, Inc. v. Univ. Circle Property Dev., Inc.*, 67 Ohio St.2d 19, 25, fn.11 (1981). Accordingly, when the tenant has vacated the premises and the landlord regains possession of the leased premises, the merits of an action in forcible entry and detainer are rendered moot because no further type of relief can be granted in favor of the landowner. *See Knop v. Davet*, 11th Dist. Geauga No. 2016-G-0074, 2017-Ohio-1416, ¶11, citing *Sheehe v. Demsey*, 8th Dist. Cuyahoga No. 99965, 2014-Ohio-305, ¶7; *see also Gold Key Realty v. Collins*, 2d Dist. Greene No. 2013 CA 57, 2014-Ohio-4705, ¶21, citing *Cherry v. Morgan*, 2d Dist. Clark Nos. 20112 CA 11 & 2012 CA 21, 2012-Ohio-3594, ¶4; *Dorman Properties, LLC v. West Side Tavern, Inc.*, 4th Dist. Athens No. 11CA17, 2012-Ohio-5056, ¶14.

{¶8} R.C. 1923.14(A) provides a means by which a defendant appealing a judgment of forcible entry and detainer may prevent the cause from becoming moot. R.C. 1923.14(A) provides, in pertinent part:

> If an appeal from the judgment of restitution is filed and if, following the filing of the appeal, *a stay of execution is obtained* and any required bond is filed with the court of common pleas, municipal court, or county court, the judge of that court immediately shall issue an order to the sheriff, police officer, constable, or bailiff commanding the delay of all further proceedings upon the execution. If the premises have been restored to the plaintiff, the sheriff, police officer, constable, or bailiff shall forthwith place the defendant in possession of them, and return the writ with the sheriff's, police officer's, constable's, or bailiff's proceedings and the costs taxed on it. [Emphasis added.]

3

Under the statute, a defendant may maintain or even recover possession of the property during the course of an appeal by filing a timely notice of appeal, obtaining a stay of execution, and filing any required bond.

{¶9} Here, appellants sought a stay and an emergency stay pending appeal prior to the date the notice of appeal was actually filed. The trial court overruled both of appellants' motions. Their notice of appeal was not filed until March 9, 2018. Appellants did not request a stay either with the trial court or with this court after the notice of appeal was filed. Because appellants vacated the property without obtaining a stay of execution and filing any required bond, the appeal from the February 12, 2018 judgment entry is moot.

{¶10} Appellants next argue the issues presented in the appeal meet the exceptions to the mootness doctrine. Appellants maintain they raised the following issues on appeal:

> (1) whether, in an oral month-to-month residential lease agreement, failing to provide the statutorily required 30-day notice to vacate the premises precluded the trial court of its jurisdiction; (2) whether Appellee's complaint, which alleged the existence of a written lease agreement that is undisputed to have not existed, nonetheless provided sufficient notice to Appellant's of the cause of action; (3) whether the trial court's findings of fact that Appellee did not waive any past due rent was against the manifest weight of the evidence; and (4) whether the damages awarded were supported by sufficient evidence.

Appellants argue these issues are "capable of repetition but evading review or otherwise of great public importance."

{¶11} Generally, appellate courts "'cannot entertain jurisdiction over a moot question.'" *In re Atty. Gen's Subpoena*, 11th Dist. Geauga No. 2009-G-2916, 2010-Ohio-476, ¶12, quoting *Nextel W. Corp. v. Franklin Cty Bd. of Zoning Appeals*, 10th Dist.

4

Franklin No. 03AP-625, 2004-Ohio-2943, ¶10.  However, "[a] court may hear an appeal that is otherwise moot when the issues raised are 'capable of repetition, yet evading review.'"  *Nextel*, *supra*, at ¶14, quoting *State ex rel. Plain Dealer Pub. Co. v. Barnes*, 38 Ohio St.3d 165 (1988), paragraph one of the syllabus.  This exception applies only in extraordinary circumstances where the following two factors are present: "'(1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.'"  *Id.*, quoting *State ex rel. Calvary v. Upper Arlington*, 89 Ohio St.3d 229, 231 (2000).

{¶12}  Additionally, "[o]n rare occasions, the court may retain an otherwise moot action for determination when it involves an issue of great public importance so that the question can be properly determined on the merits."  *Harshaw v. Farrell*, 55 Ohio App.2d 246, 251 (10th Dist.1977), citing *McDuffie v. Berzzarins*, 43 Ohio St.2d 23 (1975).  Ordinarily, however, only the highest court in the state, whose decisions have a binding effect over the entire state, adopts this procedure.  *Id.*

{¶13}  To the extent the issues raised by appellants pertain to the trial court's award of damages, we note the trial court's docket reflects that, although a second cause hearing on damages was held on March 27, 2018, the trial court has not entered a judgment entry disposing of the remaining claims.  Further, appellants have not presented issues that are "capable of repetition, yet evading review" because R.C. 1923.14(A) provides a method by which a defendant can prevent an appeal from a forcible entry and detainer action from becoming moot.  The issues raised are also specific to this case and

do not present questions of great public importance.  Accordingly, appellants' argument is not well taken.

{¶14}  For the foregoing reasons, appellee's motion to dismiss is hereby granted, and this appeal is dismissed.

THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.