[Cite as *Concrete, Inc. v. Willowick*, 2020-Ohio-71.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| CONCRETE, INC., | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2019-L-091** |
| CITY OF WILLOWICK, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 2018 CV 001246.

Judgment: Appeal dismissed.

*John R. Christie*, Lewis Brisbois Bisgaard & Smith, 1375 East Ninth Street, Suite 2250, Cleveland, OH 44114 (For Plaintiff-Appellant).

*Michael C. Lucas* and *Stephanie E. Landgraf*, Wiles and Richards, 37265 Euclid Avenue, Willoughby, OH 44094 (For Defendant-Appellee).

MATT LYNCH, J.

{¶1} Plaintiff-appellant, Concrete, Inc., has appealed from the July 31, 2019 Judgment Entry of the Lake County Court of Common Pleas granting summary judgment in favor of defendant-appellee, the City of Willowick, on its claim for restitution of the leasehold premises which are the subject of the underlying action. Also pending before this court is Concrete's Motion to Have Property Returned, Pending Appeal, filed on September 11, 2019. Willowick filed a brief in opposition on September 25, 2019.

Concrete filed a Reply Brief in Support on October 3, 2019. For the following reasons, Concrete's Motion to Have Property Returned is denied and the appeal is dismissed as moot.

{¶2} On December 18, 2019, this court remanded the case for the trial court to address a similar Motion pending in its court.

{¶3} On December 19, 2019, the trial court denied Concrete's Motion to Have Property Returned, Pending Appeal. The court ruled:

> It is the opinion of this Court that Plaintiff is not entitled to an "automatic delay" of the Writ of Restitution based solely on having filed a Notice of Appeal contemporaneous to the Writ of Restitution. Clearly, R.C. §1923.14(A) provides that if an appeal is filed and a stay of execution is obtained and bond is posted where necessary, a delay of execution is appropriate. In this case, the Writ of Restitution was executed on September 6, 2019, and Plaintiff's Motion to Have Property Returned Pending Appeal was filed five days thereafter on September 11, 2019. Inasmuch as Defendant already recovered possession of the premises prior to Plaintiff even seeking a stay, the issue was rendered moot. See *Blank v. Allenbaugh*, 2018-Ohio-2582 and *Knop v. Davet*, 2017-Ohio-1416.

{¶4} We agree with the trial court's conclusion that Concrete has not complied with R.C. 1923.14(A) and, therefore, is not entitled to a stay. As noted in our prior Entry, Concrete did not properly ask for a stay of proceedings but sought restitution of the property based on the unsupported claim that the filing of a Notice of Appeal "should have resulted in the delay of proceedings to remove Concrete, Inc. from the premises." On the contrary, "[u]ntil and unless a supersedeas bond is posted the trial court retains jurisdiction over its judgments as well as proceedings in aid of the same," i.e., the ability to issue writs of restitution. *State ex rel. Klein v. Chorpening*, 6 Ohio St.3d 3, 4, 450 N.E.2d 1161 (1983). Concrete's position that "it would be premature to require a bond or even a stay" until the trial court has decided all the issues before it, including

damages, is incorrect.

{¶5} When a writ of restitution has been executed and the premises restored an appeal from the judgment granting restitution is rendered moot. "The only method by which a defendant appealing a judgment of forcible entry and detainer may prevent the cause from becoming moot is stated in R.C. 1923.14." *Hmeidan v. Muheisen*, 2017-Ohio-7670, 97 N.E.3d 881, ¶ 24 (5th Dist.). "If the defendant fails to avail himself of this remedy, all issues relating to the action are rendered moot by his eviction from the premises." *Id.*; *Blank v. Allenbaugh*, 11th Dist. Ashtabula No. 2018-A-0022, 2018-Ohio-2582 ¶ 7 ("when the tenant has vacated the premises and the landlord regains possession of the leased premises, the merits of an action in forcible entry and detainer are rendered moot because no further type of relief can be granted in favor of the landowner").

{¶6} In the present case, Concrete has failed to comply with R.C. 1923.14 and the appeal has become moot.

{¶7} Accordingly, Concrete's Motion to Have Property Returned, Pending Appeal is denied.

{¶8} It is the further order of this court that the present appeal is, hereby, dismissed as moot.


TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.