[Cite as *Concrete, Inc. v. Willowick*, 2021-Ohio-658.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| CONCRETE, INC., | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2020-L-022** |
| CITY OF WILLOWICK, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 2018 CV 001246.

Judgment: Affirmed.

*John R. Christie* and *Joseph Fiorello*, Lewis Brisbois Bisgaard & Smith, 1375 East Ninth Street, Suite 2250, Cleveland, OH 44114 (For Plaintiff-Appellant).

*Michael C. Lucas* and *Stephanie E. Landgraf*, Wiles and Richards, 37265 Euclid Avenue, Willoughby, OH 44094 (For Defendant-Appellee).

MATT LYNCH, J.

{¶1} Plaintiff-appellant, Concrete, Inc., appeals the December 19, 2019 Judgment Entry of the Lake County Court of Common Pleas, denying its Motion to Have Property Returned, Pending Appeal. For the following reasons, we affirm the decision of the lower court.

{¶2} On August 6, 2018, Concrete filed a Complaint for Declaratory Judgment against defendant-appellee, the City of Willowick. Concrete alleged that it was the lessee of property owned by Willowick and sought a declaration "that the lease is in full force and

effect [and] that [Concrete] has complied with the terms of the lease." Further, Concrete sought "an injunction preventing The City of Willowick from taking any action to evict or otherwise impede the ongoing operations at the subject property."

{¶3} On October 12, 2018, Willowick filed its Answer and Counterclaim. In the counterclaim, Willowick sought, inter alia, "restitution of the Leasehold Premises" and "compensatory damages." Concrete filed its Answer to the Counterclaim on November 8, 2018.

{¶4} On July 31, 2019, the trial court entered judgment in favor of Willowick as to that portion of the Counterclaim "alleging that [Concrete] is wrongfully in possession of the premises."

{¶5} On August 2, 2019, Willowick filed a Precipe for Writ of Restitution.

{¶6} On September 3, 2019, the trial court issued a Writ of Execution, commanding the Lake County Sheriff "to cause * * * **Concrete Inc** to be forthwith removed from the premises, and the **City of Willowick** to have restitution of them." The Writ was executed on September 6.

{¶7} On September 4, 2019, Concrete filed a Notice of Appeal in Case No. 2019-L-091, and an Amended Notice on September 9.

{¶8} On September 11, 2019, Concrete filed two Motions to Have Property Returned, Pending Appeal, one in the trial court and the other in this court, both substantively identical. Invoking R.C. 1923.14, Concrete argued that its "Notice of Appeal, filed prior to the Sheriff serving the Writ of Restitution and locking Concrete, Inc. out of its place of business, should have resulted in the delay of proceedings to remove Concrete, Inc. from the premises."

2

{¶9} Revised Code 1923.14(A) provides, in relevant part:

If an appeal from the judgment of restitution is filed and if, following the filing of the appeal, a stay of execution is obtained and any required bond is filed with the court of common pleas, municipal court, or county court, the judge of that court immediately shall issue an order to the sheriff, police officer, constable, or bailiff commanding the delay of all further proceedings upon the execution.

{¶10} On December 19, 2019, the trial court denied Concrete's Motion to Have Property Returned. In so doing, it explained:

It is the opinion of this Court that [Concrete] is not entitled to an "automatic delay" of the Writ of Restitution based solely on having filed a Notice of Appeal contemporaneous to the Writ of Restitution. Clearly, R.C. §1923.14(A) provides that if an appeal is filed and a stay of execution is obtained and bond is posted where necessary, a delay of execution is appropriate. In this case, the Writ of Restitution was executed on September 6, 2019, and [Concrete's] Motion to Have Property Returned Pending Appeal was filed five days thereafter on September 11, 2019. Inasmuch as Defendant already recovered possession of the premises prior to Plaintiff even seeking a stay, the issue was rendered moot. See *Blank v. Allenbaugh*, 2018-Ohio-2582 and *Knop v. Davet*, 2017-Ohio-1416.

{¶11} On January 13, 2020, this court denied Concrete's Motion to Have Property Returned, stating "[w]e agree with the trial court's conclusion that Concrete has not complied with R.C. 1923.14(A) and, therefore, is not entitled to a stay." *Concrete, Inc. v. Willowick*, 11th Dist. Lake No. 2019-L-091, 2020-Ohio-71, ¶ 4. We further dismissed the appeal as moot. We explained:

When a writ of restitution has been executed and the premises restored an appeal from the judgment granting restitution is rendered moot. "The only method by which a defendant appealing a judgment of forcible entry and detainer may prevent the cause from becoming moot is stated in R.C. 1923.14." *Hmeidan v. Muheisen*, 2017-Ohio-7670, 97 N.E.3d 881, ¶ 24 (5th Dist.). "If the defendant fails to avail himself of this remedy, all issues relating to the action are rendered moot by his eviction from the premises." *Id.*; *Blank v. Allenbaugh*, 11th Dist. Ashtabula No. 2018-A-0022, 2018-Ohio-2582 ¶ 7 ("when the tenant has vacated the premises and the landlord regains

3

possession of the leased premises, the merits of an action in forcible entry and detainer are rendered moot because no further type of relief can be granted in favor of the landowner").

*Id.* at ¶ 5.

{¶12} Not only was Concrete's Motion untimely in that Willowick had already regained possession of the premises at the time it was filed, but Concrete made no effort to comply with the statute with respect to posting bond. Instead Concrete relied on the erroneous proposition that "it would be premature to require a bond or even a stay" until the trial court has decided all the issues before it, including damages.

{¶13} On February 27, 2020, Concrete filed a Notice of Appeal from the December 19, 2019 trial court Judgment Entry denying its Motion to Have Property Returned.

{¶14} Concrete sought to appeal the denial of its Motion to Have Property Returned by this court to the Ohio Supreme Court. The Supreme Court declined to accept jurisdiction on May 12, 2020. *Concrete, Inc. v. Willowick*, 158 Ohio St.3d 1506, 2020-Ohio-2819, 144 N.E.3d 444.

{¶15} On appeal, Concrete raises the following assignments of error:

{¶16} "[1.] The Trial Court erred by denying Plaintiff/Appellant's Motion to Have Property Returned, Pending Appeal, as the Appellant's Notice of Appeal and Request for Stay must either be determined to have been filed prior to being ousted from the premises, or Appellee's notice of appeal has not yet been filed."

{¶17} "[2.] The Trial Court erred by denying Plaintiff/Appellant's Motion to Have Property Returned, Pending Appeal, as the trial court never completed service of the July 31, 2019, Judgment Entry; thus, the time upon which Appellant was to file its appeal never commenced. Nevertheless, Appellant filed a notice of appeal and sought a stay from the

4

trial court which included the return of Appellant's property and possession of the premises."

{¶18} Both of Concrete's assigned errors arise from the fact that service of the trial court's July 31, 2019 Judgment Entry, restoring possession of the subject premises to Willowick, has never been completed. Pursuant to Civil Rule 58(B): "Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete." Here, the clerk has not made notation of service. *See* November 25, 2019 Judgment Entry, Appeal No. 2019-L-091 ("there is no notation on the trial court's docket showing Civ.R. 58(B) service of the entry upon the parties" and "[b]ecause there is no notation that service was done, the time for appealing the July 31, 2019 entry has not commenced").

{¶19} Concrete's first argument is that, because service of the July 31 Entry was never completed, it has either complied with the conditions for obtaining a stay set forth in R.C. 1923.14, or, it is impossible to comply. Concrete relies on Appellate Rule 4(C): "A notice of appeal filed after the announcement of a decision, order, or sentence but before entry of the judgment or order that begins the running of the appeal time period is treated as filed immediately after the entry." If, pursuant to the Rule, this court should deem the Notice of Appeal in Case No. 2019-L-091 filed "immediately after" the July 31 Entry, "then Concrete's motion for stay (i.e. Concrete's Motion to Have Property Returned, Pending Appeal) must be considered to have been filed within 7 days of its notice of appeal." Appellant's brief at 11. Concrete's argument appears to be that, if the September 4 Notice of Appeal is treated as being filed immediately after the July 31 Entry

5

on account of the clerk's failure to complete service, the Motion to Have Property Returned, filed seven days after the September 4 Notice of Appeal, should be similarly treated, in which case it would have been filed prior to the restoration of the premises.

{¶20} Alternatively, if this court treats the September 4 Notice of Appeal as premature until service is actually completed, Appeal No. 2019-L-091 should not have been dismissed as moot. Appellant's brief at 12.

{¶21} We point out that the failure to note service did not affect either the July 31, 2019 entry or the writ of execution. The Civil Rules provide that "[t]he failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App.R. 4(A)." Civ.R. 58(B).

{¶22} Alternatively, Concrete should have been found to have complied with R.C. 1923.14 because "[i]t is beyond inequitable for the trial court to fail to provide proper service and notice; thus, never commencing Concrete's time to appeal the trial court's July 31, 2019 entry, and then penalize Concrete for the trial court's error." Appellant's brief at 15-16.

{¶23} The present appeal is resolved, however, by application of the law of the case doctrine rather than by consideration of Concrete's arguments. The "law of the case" doctrine "provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan,* 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984). "The doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results." *Id.* "However, the rule is necessary to ensure consistency of results in a case, to avoid endless litigation

6

by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." *Id.*

{¶24} In the prior appeal, this court affirmed the trial court's denial of the Motion to Have Property Returned by denying a substantively similar motion and determined that the issue of possession of the premises was moot following their restoration to Willowick. These determinations are now the law of the case and would be subverted by consideration of the trial court's denial of the Motion to Have Property Returned. *Compare Floom v. Prudential Prop. & Cas. Ins. Co.*, 5th Dist. Stark No. 2003CA00122, 2003-Ohio-5957, ¶ 20 (issue regarding prejudgment interest found moot in a prior appeal would not be considered in a subsequent appeal: "the law of the case doctrine applies to subsequent proceedings in the reviewing court, and we must follow our decision in a later appeal on the same case").

{¶25} Consideration of Concrete's arguments regarding the clerk's failure to complete service of the July 31 Entry is further barred by principles of res judicata which preclude consideration of arguments that could have been raised in a prior appeal. Both Motions to Have Property Returned, the one filed in the trial court and the one filed in this court, omit any mention of the clerk's failure to complete service. *CitiMortgage, Inc. v. Lehner*, 9th Dist. Medina No. 14CA0124-M, 2016-Ohio-874, ¶ 5 ("[w]here an argument was or could have been raised in a prior appeal, res judicata bars consideration of that argument in subsequent appeals"); *Dilley v. Dilley*, 11th Dist. Geauga No. 2014-G-3227, 2015-Ohio-1872, ¶ 39 ("appellant could have raised this argument prior to this appeal, and as such, it is barred by the doctrine of res judicata").

{¶26} The assignments of error are without merit.

7

{¶27} For the foregoing reasons, the December 19, 2019 Judgment Entry of the Lake County Court of Common Pleas, denying Concrete's Motion to Have Property Returned, Pending Appeal is affirmed. Costs to be taxed against appellant.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.