[Cite as *Lindsey v. Heinz*, 2021-Ohio-2645.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| ERIC N. LINDSEY, | CASE NO. 2021-P-0069 |
| Plaintiff-Appellee, | |
| - v - | Civil Appeal from the Municipal Court, Kent Division |
| TIMOTHY J. HEINZ, | |
| Defendant-Appellant. | Trial Court No. 2021 CVG 00364K |

## MEMORANDUM OPINION

Decided: August 2, 2021
Judgment: Appeal dismissed

*Peter C. Kratcoski*, Williams, Kratcoski & Can, LLC, 11 South River Street, Suite A, Kent, OH 44240 (For Plaintiff-Appellee).

*Timothy J. Heinz,* pro se, 6944 State Route 14, Ravenna, OH 44266 (Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} On July 7, 2021, appellant, Timothy J. Heinz, filed a notice of appeal from an entry of the Portage County Municipal Court, Kent Division.

{¶2} The docket in this matter reveals that appellee, Eric N. Lindsey, filed a forcible entry and detainer action against appellant. In a June 29, 2021 entry, the trial court granted restitution of the premises to appellee. Appellant filed a motion to stay the execution of the writ with the trial court, which was denied. On July 7, 2021, appellant filed his notice of appeal. On July 12, 2021, appellant filed a motion to stay execution of

the trial court judgment with this court. In an entry dated July 14, 2021, we stated that the appeal may be rendered moot because the writ was executed on July 9, 2021, and appellant's motion for stay was filed with this court three days after the writ was executed and returned. Therefore, we ordered appellant to show cause why his appeal should not be dismissed as moot. Appellant filed a response on July 16, 2021.

{¶3} A forcible entry and detainer action decides the right to immediate possession of property and nothing else. *Seventh Urban, Inc. v. Univ. Circle Property Dev., Inc.*, 67 Ohio St. 2d 19, 25, fn. 11 (1981). Accordingly, once the tenant has vacated the premises and the landlord regains possession of the leased premises, the merits of a forcible entry and detainer action are rendered moot because no further type of relief can be granted in favor of the landlord. *See Concrete, Inc. v. Willowick*, 11th Dist. Lake No. 2019-L-091, 2020-Ohio-71, ¶ 5.

{¶4} "Further, 'when a plaintiff is successful and defendant does not obtain a stay preventing its ouster and the return of the premises to the plaintiff (***) the issues are rendered moot.' * * * A defendant appealing a judgment of forcible entry and detainer may overcome a ruling of mootness by obtaining a stay of execution and/or posting a supersedeas bond. * * * However, if a defendant fails to obtain a stay of execution and/or post a supersedeas bond, all issues relating to forcible entry and detainer are rendered moot. * * *" *Goldstein v. Patel*, 9th Dist. Lorain Nos. 02CA008183 and 02CA008199, 2003-Ohio-4386, at ¶ 4.

{¶5} In this matter, although appellant sought a stay of execution from the trial court, it was denied. Further, the motion to stay filed with this court was filed three days

after the writ was executed, and is therefore moot. Appellant's ouster from the premises renders the appeal of the forcible entry and detainer action moot.

{¶6} Appeal dismissed.

MARY JANE TRAPP, P.J.,

THOMAS R. WRIGHT, J.,

concur.