[Cite as *Day v. Derry*, 2024-Ohio-791.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| ANGELA M. DAY, | **CASE NO. 2023-T-0033** |
| Plaintiff-Appellant, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| ALAN M. DERRY, et al., | |
| Defendant-Appellee. | Trial Court No. 2022 CV 00687 |

## **O P I N I O N**

Decided: March 4, 2024
Judgment: Appeal dismissed

*Charles A. Bakula*, P.O. Box 39116, Solon, OH 44139 (For Plaintiff-Appellant).

*Daniel G. Keating*, Keating Law Office, 170 Monroe Street, N.W., Warren, OH 44483 (For Defendant-Appellee).

EUGENE A. LUCCI, P.J.

{¶1} Appellant, Angela M. Day, appeals the judgment granting appellee, Alan M. Derry, a writ of restitution and immediate possession of certain real property. We dismiss the appeal as moot.

{¶2} In 2022, Day filed a complaint against appellee, Alan M. Derry, alleging the following. The parties had been involved in a relationship for 18 years. During their relationship, Day and Derry agreed to share financial responsibility for living expenses. In 2021, the parties initiated the purchase of a home in Champion, Ohio. However, the parties did not list Day on the mortgage or purchase agreement because of a lien resulting

from a civil lawsuit against Day. Nonetheless, the parties agreed that Derry would quit claim a one-half interest in the property to Day after closing, but that never occurred. In 2022, Derry demanded Day vacate the home and delivered her a 30-day notice. In addition, Derry canceled Day's cellular service, credit cards, car insurance, internet service, and storage unit.

{¶3} In September 2022, the parties reached an agreement, which was approved by the trial court in a judgment entry issued on September 21, 2022. The agreed entry provided, in relevant part, that prior to March 31, 2023, Day would obtain refinancing on the real property. If Day failed to secure refinancing, the parties agreed that a writ of restitution would issue on the request of Derry, who would then be entitled to immediate possession of the property. The parties further agreed that the trial court would retain jurisdiction to enforce the terms of the entry. On April 5, 2023, Derry moved for a writ of restitution pursuant to the September 21, 2022 agreed entry, citing Day's purported failure to refinance the property.

{¶4} Later, on April 5, 2023, Day responded in opposition to Derry's motion, alleging that Derry had breached the agreement, failed to file a counterclaim seeking possession, and failed to follow the requirements of R.C. Chapter 5321. Within Day's response, she further maintained that, due to Derry's alleged breaches of the agreement, she was unable to "create a stable financial profile that would have permitted her to obtain necessary financing." Accordingly, Day asserted that she was "in the process of vacating the home"; although her progress in moving had become delayed due to various factors. Nonetheless, Day maintained that she was "able to secure a new residence" and expected "to be completely out of the house on N. Park Dr. by midnight of April 9, 2023."

2

Case No. 2023-T-0033

Day requested the trial court deny Derry's motion for a writ; however, she did not request any affirmative relief as a result of the alleged breaches.

{¶5} On April 6, 2023, the trial court signed a judgment entry submitted by Derry, granting Derry's motion without hearing. Day noticed the present appeal from the April 6, 2023 entry. Upon review of this matter, on December 20, 2023, this court issued an order requiring Day to show cause why this appeal should not be dismissed as moot, as Day affirmatively maintained that she was vacating the premises, and it was unclear what relief this court could grant through appeal.

{¶6} As noted in our show cause order, an appeal of an entry limited to the grant of a writ of restitution is generally rendered moot where possession of the property has been voluntarily surrendered. *See Concrete, Inc. v. City of Willowick*, 11th Dist. Lake No. 2019-L-091, 2020-Ohio-71, ¶ 5; and *Fast Property Sols., Inc. v. Jurczenko*, 11th Dist. Lake No. 2010-L-024, 2010-Ohio-5933, ¶ 2. Where a tenant fails to perfect a stay of the writ of restitution, and possession of the premises is restored to the landlord, there is no relief a reviewing court may grant on appeal of the judgment granting the writ. *See Concrete, Inc.* at ¶ 5.

{¶7} Day filed a response to our show cause order on December 28, 2023. Therein, Day maintains:

> The Appellant affirmatively states that the appeal is not based on the wrongfully issued Writ of Restitution. The cases cited by this Honorable Court in *Concrete, Inc. v. City of Willowick*, 11th Dist. Lake No. 2019-L-091, 2020-Ohio-71 and *Fast Property Sols, Inc. v. Jurczenko*, 11th Dist. Lake No. 2010-L-024, 2010-Ohio-5933, are distinguishable and demonstrate that those appeals were limited to a single issue, the writ of restitution and/or the voluntary surrender.

3

Case No. 2023-T-0033

Those are not the issues on appeal in this matter. A review of the initial brief and reply brief filed by the Appellant demonstrate that she is challenging the Judgment Entry in its entirety due to the failure of the Settlement Agreement which came about as a result of multiple negative actions and some inactions taken by the Appellee, each of which constitute a breach by the Appellee. Those intentional violations made it impossible for Appellant to receive the benefit of the bargain for which she negotiated a resolution of the case. The Appellant has not asked to be restored to the premises. That is not the relief being sought. The relief being sought involves the entire Judgment Entry being set aside and the matter returned to the active docket as outlined in the briefs.

{¶8} Despite Day's assertion that the appealed issues are not limited to the writ of restitution, the trial court's April 6, 2023 judgment provides, in its entirety:

Upon Defendant's Motion, Plaintiff failed to secure refinancing for the subject property listed in the Judgment Entry filed September 29, 2022.

Writ of Restitution of Eviction in this matter is granted.

Defendant is granted immediate possession of the subject property located at 4099 North Park Avenue, Warren, Ohio, 44483. The Bailiff of this Court or the Trumbull County Sheriff's Department is hereby ordered to serve and execute this Writ.

**IT IS SO ORDERED.**

{¶9} Accordingly, the appealed entry grants relief only as to possession of the property. However, in her appellate merit and reply briefs, Day requests this court "to set aside the Judgment Entry *of September 21, 2022*, and to remand the entire matter back to the Trial Court for the issues to be heard on the actual merits as presented in the original Complaint." (Emphasis added.)

{¶10} However, the relief sought by Day in this appeal was not sought in the trial court. The appeal arises from a ruling on Derry's request for a writ of restitution. The

4

Case No. 2023-T-0033

record is devoid of any motions filed by Day subsequent to the issuance of the September 21, 2022 entry. Day did not move to set aside the September 21, 2022 order in the trial court, and the present appeal may not be used as a vehicle to vacate prior final orders.

{¶11} Further, assuming without deciding that Day's response to Derry's request for the writ was sufficient to request relief or require the trial court to conduct further investigation, such issues would remain pending. As set forth above, the relief provided in the entry on appeal was specifically limited to the writ of restitution for possession of the property. As with a ruling on a forcible entry and detainer action, the court's decision to issue the writ "'decide[d] the right to immediate possession of property and "nothing else."'" *Mountaineer Invests., L.L.C. v. Performance Home Buyers, L.L.C.*, 2d Dist. Montgomery No. 24173, 2011-Ohio-3614, ¶ 10, quoting *Goldstein v. Patel*, 9th Dist. Lorain Nos. 02CA8183, 02CA8199, 2003-Ohio-4386, ¶ 4, quoting *Seventh Urban Inc. v. Univ. Circle Prop. Dev. Inc.*, 67 Ohio St.2d 19, 25, 423 N.E.2d 1070 (1981), fn. 11. A judgment issuing a writ of restitution in an eviction proceeding is a final, appealable order despite the existence of other claims and without regard to Civ.R. 54(B). *See Dixon v. Anderson*, 1st Dist. Hamilton No. C-170418, 2018-Ohio-2312, ¶ 4; *see also Cuyahoga Metropolitan Hous. Auth. v. Jackson*, 67 Ohio St.2d 129, 132, 423 N.E.2d 177 (1981) ("a judgment entry giving or denying a present right to possession of property, under R.C. Chapter 1923, is appealable even though all the causes of action have not been adjudicated"). Thus, the only issue decided by the trial court and reviewable on appeal is the right to immediate possession of the property.

{¶12} Next, in her response to our show cause order, Day maintains that she did not "voluntarily" vacate the property at issue, as alleged by Derry, because the trial court

5

ordered the writ of restitution on April 6, 2023, while she was still residing on the property. Regardless of Derry's use of the term "voluntary," this court's reference to a "voluntary" surrender of the property in the show cause order was intended to pertain to a tenant's failure to perfect a stay of execution of the writ of restitution pending appeal. *See Concrete, Inc.,* 2020-Ohio-71 at ¶ 5; *see also CommuniCare Health Servs., Inc. v. Murvine,* 9th Dist. Summit No. 23557, 2007-Ohio-4651, ¶ 21 (satisfaction of a judgment is voluntary where an appellant fails to obtain a stay of execution); and *Marotta Bldg. Co. v. Lesinski*, 11th Dist. Geauga No. 2004-G-2562, 2005-Ohio-558, ¶ 19 ("The issue presented here centers on the voluntariness of the so-called satisfaction of the judgment. Appellants did not voluntarily 'satisfy' the judgment. Yet, this court has stated that a party is deemed to have acted voluntarily in satisfying a judgment when the party fails to seek a stay order prior to the judgment's being satisfied."). Thus, the issue with respect to whether an appeal of a writ of restitution is moot pertains to whether a stay of execution has been effectuated, not whether the tenant surrendered the property "voluntarily," as that term is commonly used. See *Hussain v. Sheppard*, 10th Dist. Franklin No. 14AP-686, 2015-Ohio-657, ¶ 6-7. Here, Day did not perfect a stay of execution of the appealed judgment, and Derry has regained possession of the property. Moreover, Day affirms that she is not attempting to regain possession of the property in any event, as set forth above.

6

{¶13} As Day may not use the present appeal to challenge prior final orders of the trial court, and the appealed judgment was limited to the grant of a writ of restitution and possession of the property, Day's surrender of the property renders her appeal moot.

{¶14} Appeal dismissed.

JOHN J. EKLUND, J.,

ROBERT J. PATTON, J.,

concur.