**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State ex rel. Luoma v. Russo,* **Slip Opinion No. 2014-Ohio-4532.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-4532

THE STATE EX REL. LUOMA, APPELLANT, *v.* RUSSO, JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets,**

**it may be cited as *State ex rel. Luoma v. Russo,***

**Slip Opinion No. 2014-Ohio-4532.]**

*Mandamus—Relator seeks writ ordering trial judge to issue final order adopting*
*magistrate's decision—Relator had adequate remedy in appeal from order*
*setting forth final judgment in case—Writ denied.*

(No. 2013-1994—Submitted October 7, 2014—Decided October 15, 2014.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 99844,

2013-Ohio-5033.

_____

**Per Curiam.**

**{¶ 1}** We affirm the judgment of the Eighth District Court of Appeals. The court of appeals denied a writ of mandamus requested by relator-appellant, Jonathan C. Luoma, against respondent-appellee, Judge Nancy Margaret Russo of the Cuyahoga County Common Pleas Court, stemming from an underlying partition action. Judge Russo overruled Luoma's objections to a magistrate's

decision. Luoma filed a motion for a final, appealable order that was denied. On December 31, 2012, Judge Russo entered a final order directing that the property be sold. Rather than appealing that final order, Luoma petitioned for a writ of mandamus directing Judge Russo to issue a final, appealable order regarding the earlier decision to overrule the magistrate's decision. The court of appeals denied a writ.

{¶ 2} Because Luoma had an alternative remedy in the ordinary course of the law by way of appeal, the court of appeals was correct, and we affirm.

*Facts*

{¶ 3} Luoma filed a complaint against his brothers for partition of a property they owned as tenants in common. The parties filed a stipulation for a decree of partition, and the court appointed a commissioner to make the partition. The commissioner determined that the value of the property was $67,000 and that it could not be divided without injury to its value.

{¶ 4} In September 2012, the magistrate assigned to the case issued a decision ordering that part of the proceeds of the eventual sale was to be used to reimburse one of the parties for his disproportionate investment in the property. Luoma filed objections to the magistrate's decision. On November 14, 2012, Judge Russo overruled the objections and affirmed the magistrate's decision. An entry to that effect was issued the next day.

{¶ 5} Luoma filed a motion for a final, appealable order on December 11, 2012, asserting his intention to appeal the November 14 order overruling his objections and adopting the magistrate's decision. Judge Russo denied that motion on December 13, 2012. The case proceeded to final judgment. Judge Russo notified the parties that they had waived their right to elect to purchase the property and on December 31, 2012, she issued an opinion ordering a sheriff's sale and setting the terms for distribution of the proceeds. The opinion specifically

stated that it was final and set forth the court's decision on all issues. Luoma never appealed this order.

{¶ 6} Rather, Luoma filed an appeal of the December 13 order denying the motion for a final order. The Eighth District Court of Appeals dismissed the appeal for lack of a final, appealable order.

{¶ 7} Luoma then filed this mandamus case in the Eighth District, asking for a writ ordering Judge Russo to issue a final order on her adoption of the magistrate's decision. Judge Russo filed a motion for summary judgment, which the court of appeals granted. Luoma appealed as of right to this court.

*Analysis*

{¶ 8} To prevail in this mandamus case, Luoma must establish a clear legal right to the requested relief, a clear legal duty on the part of Judge Russo to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. The availability of an appeal is an adequate remedy sufficient to preclude a writ. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus.

{¶ 9} Luoma argues that the court below violated his due-process rights because it decided the case on arguments that were not briefed and case law that was not cited by the parties. This argument is without merit. The court decided the case on the grounds argued by Judge Russo in her motion for summary judgment: that Luoma had an adequate remedy at law and therefore was not entitled to a writ of mandamus. And nothing in Civ.R. 56 or elsewhere prevents a court from citing cases in support of its decision that were not cited by the parties.

{¶ 10} Luoma further claims that he wanted to appeal the December 13, 2012 order but could not because of the holding in *In re Zinni*, 8th Dist. Cuyahoga No. 89599, 2008-Ohio-581. That case explains that an order in a partition case

that merely overrules objections to the decision of a magistrate is not final and appealable unless the court separately sets forth its own judgment.

{¶ 11} In Luoma's case, the trial court *did* issue its own judgment, but it did so on December 31, 2012. On that day, the court issued an opinion that determined the rights of the parties, set the amounts to which each was entitled upon the sale of the property, and ordered the clerk to issue an order of sale to the sheriff. That order was final and appealable.

{¶ 12} Therefore, as Luoma had an adequate remedy in the ordinary course of the law by way of appeal, he cannot satisfy the elements required for a writ of mandamus. The court of appeals was correct in denying the writ, and we affirm.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

J. Alex Morton, for appellant.

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Nora E. Graham, Assistant Prosecuting Attorney, for appellee.

_____