[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Peoples v. Johnson,* Slip Opinion No. 2017-Ohio-9140.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-9140

THE STATE EX REL. PEOPLES, APPELLANT, *v.* JOHNSON, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Peoples v. Johnson,* Slip Opinion No. 2017-Ohio-9140.]

*Mandamus—Appellant had adequate remedy in ordinary course of law to challenge finality of conviction—Court of appeals' denial of writ affirmed.*

(No. 2016-1233—Submitted May 2, 2017—Decided December 21, 2017.)

APPEAL from the Court of Appeals for Franklin County,

No. 15AP-765, 2016-Ohio-5204.

_____

**O'DONNELL, J.**

{¶ 1} David A. Peoples appeals from a judgment of the Tenth District Court of Appeals denying a writ of mandamus to compel Judge David L. Johnson to vacate Peoples's aggravated murder conviction and issue a final appealable order disposing of one count of having a weapon while under disability that was charged in the same criminal case.

**{¶ 2}** Peoples has been imprisoned for more than 15 years, his aggravated murder conviction and sentence have been upheld on direct appeal, and his collateral attack on the finality of his conviction has been rejected by the Tenth District Court of Appeals and denied review by this court. It is well established that a writ of mandamus is not available when the relator has an adequate remedy in the ordinary course of the law; here, Peoples's appeal from the denial of his motion to vacate his judgment of conviction was an adequate remedy.

**{¶ 3}** Accordingly, his complaint is barred by the doctrine of res judicata, and we affirm the judgment of the court of appeals.

**Facts and Procedural History**

**{¶ 4}** In 2001, the Franklin County Grand Jury indicted Peoples for one count of aggravated murder with firearm and drive-by-shooting specifications and one count of having a weapon while under disability. A jury returned verdicts finding him guilty of aggravated murder and both specifications in July 2002, and Judge Johnson imposed an aggregate 34-year prison sentence. However, there is no indication in the record of any disposition of or sentence for the weapons charge.

**{¶ 5}** On direct appeal, Peoples did not question the finality of the judgment with respect to the aggravated murder conviction, and the court of appeals affirmed it. *State v. Peoples*, 10th Dist. Franklin No. 02AP-945, 2003-Ohio-4680.

**{¶ 6}** In February 2014, Peoples moved to vacate his aggravated murder conviction, asserting that it was void because the judgment of conviction did not dispose of the count of having a weapon while under disability. *State v. Peoples*, 10th Dist. Franklin No. 14AP-271, 2014-Ohio-5526, ¶ 5. The trial court denied that motion, and the court of appeals affirmed. Although the appellate court recognized that nothing in the record showed the disposition of the weapons charge, it nonetheless concluded that the trial court had jurisdiction to sentence Peoples, that the judgment of conviction satisfied Crim.R. 32(C), and that the doctrine of res judicata barred Peoples from raising his claim because he could have raised it in his

direct appeal. *Id.* at ¶ 5, 8-11. We declined to accept jurisdiction over Peoples's appeal from that judgment. 142 Ohio St.3d 1453, 2015-Ohio-1591, 29 N.E.3d 1006.

{¶ 7} On August 10, 2015, Peoples filed this mandamus action in the Tenth District Court of Appeals to compel Judge Johnson to vacate the aggravated murder conviction and issue a judgment in his criminal case that disposes of all counts in the indictment. Judge Johnson moved to dismiss, asserting that res judicata barred Peoples's claim and that the matter was moot because the trial court had already denied the motion to vacate the judgment of conviction. Because the motion to dismiss presented matters outside the pleadings, the court of appeals treated it as a motion for summary judgment. *See* Civ.R. 12(B).

{¶ 8} The court of appeals determined that Peoples had an adequate remedy in the ordinary course of the law by way of appeal and that having exercised that right, his request for a writ of mandamus was barred by the doctrine of res judicata. Therefore, the court concluded that no genuine issue of material fact existed and that Judge Johnson was entitled to judgment as a matter of law.

{¶ 9} On appeal to this court, Peoples contends that the court of appeals erred in granting summary judgment to Judge Johnson because the trial court's judgment of conviction fails to dispose of all counts charged in the indictment and thus was not a final appealable order. He maintains that the court of appeals lacked subject-matter jurisdiction to review either his conviction or the denial of his motion to vacate that conviction, and he therefore asserts that his mandamus action is not barred by res judicata and that he is entitled to a writ of mandamus to compel the trial court to issue a valid judgment. Because Judge Johnson did not file an appearance in this court, Peoples moved for a default judgment.

## Mandamus

{¶ 10} A party seeking a writ of mandamus bears the burden to establish a clear legal right to the relief requested, a clear legal duty on the part of the respondent to provide it, and the lack of an adequate remedy in the ordinary course

of the law. *State ex rel. Bradford v. Dinkelacker*, 146 Ohio St.3d 219, 2016-Ohio-2916, 54 N.E.3d 1216, ¶ 5.

{¶ 11} We have explained that "[t]he availability of an appeal is an adequate remedy sufficient to preclude a writ." *State ex rel. Luoma v. Russo*, 141 Ohio St.3d 53, 2014-Ohio-4532, 21 N.E.3d 305, ¶ 8. Moreover, "[w]e have routinely held that extraordinary writs may not be used as a substitute for an otherwise barred second appeal or to gain successive appellate reviews of the same issue." *State ex rel. LTV Steel Co. v. Gwin*, 64 Ohio St.3d 245, 249, 594 N.E.2d 616 (1992). And the fact that a prior appeal was unsuccessful or even wrongly decided does not mean that it was not an *adequate* remedy. *See State ex rel. Walker v. State*, 142 Ohio St.3d 365, 2015-Ohio-1481, 30 N.E.3d 947, ¶ 14; *State ex rel. Barr v. Pittman*, 127 Ohio St.3d 32, 2010-Ohio-4989, 936 N.E.2d 43, ¶ 1.

{¶ 12} Here, Peoples exercised a remedy in the ordinary course of the law. In 2014, he moved the trial court to vacate his conviction for aggravated murder, urging that it was not a final order because the trial court failed to dispose of the weapons charge. The trial court denied that motion, and the court of appeals affirmed, holding that the failure of the sentencing court to dispose of the weapons charge did not affect the finality of his conviction for aggravated murder. *State v. Peoples*, 10th Dist. Franklin No. 14AP-271, 2014-Ohio-5526, ¶ 10. On appeal to this court from that judgment, we declined to accept jurisdiction. 142 Ohio St.3d 1453, 2015-Ohio-1591, 29 N.E.3d 1006. Thus, Peoples has already had an adequate remedy, and extraordinary relief in mandamus is not available.

{¶ 13} Allowing another collateral attack like this would undermine the finality of all criminal judgments by permitting the endless relitigation of a court's jurisdiction when the offender has already had a full and fair opportunity to be heard. *See Travelers Indemn. Co. v. Bailey*, 557 U.S. 137, 154, 129 S.Ct. 2195, 174 L.Ed.2d 99 (2009). However, it is established that "[a] party that has had an opportunity to litigate the question of subject-matter jurisdiction may not

4

* * * reopen that question in a collateral attack upon an adverse judgment. It has long been the rule that principles of res judicata apply to jurisdictional determinations—both subject matter and personal." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982), fn. 9. Thus, "the practical concern with providing an end to litigation justifies a rule preventing collateral attack on subject-matter jurisdiction." *Willy v. Coastal Corp.,* 503 U.S. 131, 137, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992).

{¶ 14} The court of appeals has previously decided that the trial court's failure to indicate the disposition of the weapons charge did not affect the finality of the aggravated murder conviction and that res judicata barred Peoples from seeking a resentencing based on his failure to raise his claim on direct appeal, and this court declined to review that ruling. That final judgment forecloses the attempt to relitigate the same issue in this writ action. *See State ex rel. Mora v. Wilkinson*, 105 Ohio St.3d 272, 2005-Ohio-1509, 824 N.E.2d 1000, ¶ 14-15 (holding that a mandamus claim is barred by res judicata when the relator raised the same issues in a prior action).

{¶ 15} Accordingly, we deny the motion for default judgment and affirm the judgment of the court of appeals. The motion to correct the case name and caption is denied as moot.

Judgment affirmed.

FRENCH, FISCHER, and DEWINE, JJ., concur.

O'CONNOR, C.J., and KENNEDY, J., concur in judgment only.

O'NEILL, J., dissents.

_____

David A. Peoples, pro se.

_____