[Cite as *State ex rel. Mitchell v. Pittman*, 2022-Ohio-4466.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO ex rel. JAMES E. MITCHELL, | CASE NO. 2022-P-0044 |
| Relator, | Original Action for Writ of Mandamus |
| - vs - | |
| PORTAGE COUNTY COURT OF COMMON PLEAS JUDGE LAURIE J. PITTMAN, | |
| Respondent. | |

**PER CURIAM**
**OPINION**

Decided: December 12, 2022
Judgment: Complaint dismissed

*James E. Mitchell*, pro se, PID: A293-032, Marion Correctional Institution, 940 Marion-Williamsport Road, P.O. Box 57, Marion, OH 43301 (Relator).

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondent).

PER CURIAM.

{¶1} This matter is before the court on the pro se complaint for a writ of mandamus filed by relator, James E. Mitchell ("Mr. Mitchell"), against respondent, Portage County Court of Common Pleas Judge Laurie J. Pittman ("Judge Pittman"); Judge Pittman's Civ.R. 12(B)(6) motion to dismiss; and Mr. Mitchell's memorandum in opposition.

{¶2} Because Mr. Mitchell had an adequate remedy in the ordinary course of the law, we grant Judge Pittman's motion and dismiss Mr. Mitchell's complaint.

## Substantive and Procedural History

{¶3} In 1993, a Portage County grand jury indicted Mr. Mitchell on one count of rape under R.C. 2907.02(A)(2) and (B) and one count of aggravated burglary under R.C. 2911.11(A)(1) and (B). Mr. Mitchell subsequently pleaded guilty to "burglary, an aggravated felony of the second degree" under R.C. 2911.12(A)(1) and gross sexual imposition under R.C. 2907.05(A)(4), a felony of the third degree. In the journal entry memorializing the guilty pleas, however, the trial court stated that Mr. Mitchell had pleaded guilty to burglary under R.C. 2911.12(A)(1)(C) and gross sexual imposition under R.C. 2907.05(A)(1).

{¶4} In 1994, Mr. Mitchell filed a presentence motion to withdraw his guilty pleas. The trial court denied the motion and sentenced Mr. Mitchell to three to 15 years in prison for burglary under R.C. 2911.12(A)(1), "as amended" in the indictment, and two years in prison for gross sexual imposition under R.C. 2907.05(A)(4), "as amended" in the indictment. The sentences were ordered to be served concurrently. Mr. Mitchell appealed the trial court's denial of his motion, and this court affirmed. *See State v. Mitchell*, 11th Dist. Portage No. 94-P-0070, 1995 WL 411830, *3 (June 23, 1995) ("*Mitchell I*").

{¶5} In 2018, Mr. Mitchell filed a motion for leave of court to dismiss his indictment. Mr. Mitchell alleged, inter alia, that his speedy trial rights were violated because the trial court never adjudicated the charges for rape and aggravated burglary. The trial court denied the motion, and Mr. Mitchell appealed. In *State v. Mitchell*, 11th

2

Dist. Portage No. 2018-P-0047, 2019-Ohio-844 ("*Mitchell II*"), we explained, in relevant part, that when Mr. Mitchell pleaded guilty to lesser offenses in 1994, he was "'terminating the incident and could not be called on to account further on any charges regarding this incident.'" *Id.* at ¶ 21, quoting *State v. Carpenter*, 68 Ohio St.3d 59, 62, 623 N.E.2d 66 (1993). Thus, we determined there are no charges pending against him. *Id.* The Supreme Court of Ohio declined to review our decision. *See State v. Mitchell*, 156 Ohio St.3d 1445, 2019-Ohio-2498, 125 N.E.3d 926 ("*Mitchell III*").

**{¶6}** In 2019, Mr. Mitchell filed several postconviction motions, including a "motion to correct journal entry," a "motion for re-sentencing pursuant to Crim.R. 43(A)," a "motion for final appealable order pursuant to Crim.R. 32(C) and R.C. 2505.02," and a "motion for corrected sentencing entry." Mr. Mitchell argued, in relevant part, that the sentencing entry was a not a final appealable order because the trial court did not resolve the charges of rape and aggravated burglary. The trial court denied the motions, and Mr. Mitchell appealed.

**{¶7}** In *State v. Mitchell*, 11th Dist. Portage No. 2019-P-0105, 2020-Ohio-3417, ¶ 54-76 ("*Mitchell IV*"), we determined, in relevant part, that the trial court lacked jurisdiction to consider Mr. Mitchell's request for a final appealable order. *Id.* at ¶ 60, ¶ 67. We stated that even if the trial court had jurisdiction, Mr. Mitchell's request was barred by the doctrines of res judicata and the law of the case. *See id.* at ¶ 68-73. We noted that Mr. Mitchell had previously made this argument in the context of his speedy trial rights, and we reiterated that there are no charges pending against him. *Id.* at ¶ 74.

**{¶8}** We reversed the trial court's judgments to the extent Mr. Mitchell sought the correction of clerical mistakes. *Id.* at ¶ 89. We remanded to the trial court with instructions

3

to (1) issue a nunc pro tunc entry memorializing Mr. Mitchell's guilty pleas that "deletes the reference to 'the amended Indictment'" and "replaces the citation to 'R.C. 2907.05(A)(1)' with 'R.C. 2907.05(A)(4)'" and (2) issue a nunc pro tunc sentencing entry stating that Mr. Mitchell was convicted of gross sexual imposition in violation of R.C. 2907.05(A)(4) and burglary in violation of R.C. 2911.12(A)(1) and that "deletes the phrases" referring to an "amended" indictment. *Id.* at ¶ 90-91. We emphasized that the nunc pro tunc entries would not constitute new final orders from which Mr. Mitchell could appeal. *Id.* at ¶ 92.

{¶9} The Supreme Court of Ohio declined to review our decision. *See State v. Mitchell*, 160 Ohio St.3d 1495, 2020-Ohio-5634, 159 N.E.3d 274 ("*Mitchell V*"). The court also denied Mr. Mitchell's motion for leave to file a delayed appeal of our decision in *Mitchell I*. *See State v. Mitchell*, 160 Ohio St.3d 1494, 2020-Ohio-5634, 159 N.E.3d 280 ("*Mitchell VI*").

{¶10} On August 19, 2022, Mr. Mitchell filed a complaint in this court seeking a writ of mandamus to compel Judge Pittman to dispose of the charges of rape and aggravated burglary and to provide a final appealable order that complies with Crim.R. 32(C). Judge Pittman filed a motion to dismiss Mr. Mitchell's complaint pursuant Civ.R. 12(B)(6) for failure to state a valid claim for relief. Mr. Mitchell filed a brief in opposition to Judge Pittman's motion.

**Standard of Review**

{¶11} "To be entitled to a writ of mandamus, a party must establish, by clear and convincing evidence, (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the

4

ordinary course of the law." *State ex rel. Sands v. Culotta*, 165 Ohio St.3d 172, 2021-Ohio-1137, 176 N.E.3d 735, ¶ 11. "For a court to dismiss a mandamus complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the relator can prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true, and all reasonable inferences are made in the relator's favor." *Id.*

## Law and Analysis

{¶12} The Supreme Court of Ohio has explained that "'[t]he availability of an appeal is an adequate remedy sufficient to preclude a writ.'" *State ex rel. Peoples v. Johnson*, 152 Ohio St.3d 418, 2017-Ohio-9140, 97 N.E.3d 426, ¶ 11, quoting *State ex rel. Luoma v. Russo*, 141 Ohio St.3d 53, 2014-Ohio-4532, 21 N.E.3d 305, ¶ 8. Moreover, "'extraordinary writs may not be used as a substitute for an otherwise barred second appeal or to gain successive appellate reviews of the same issue.'" *Id.*, quoting *State ex rel. LTV Steel Co. v. Gwin*, 64 Ohio St.3d 245, 249, 594 N.E.2d 616 (1992). "And the fact that a prior appeal was unsuccessful or even wrongly decided does not mean that it was not an *adequate* remedy." (Emphasis sic.) *Id.*

{¶13} Here, Mr. Mitchell exercised an adequate remedy in the ordinary course of the law by appealing the trial court's denial of his presentence motion to withdraw his guilty pleas. He exercised additional adequate remedies by appealing the trial court's denial of his postconviction motions. The Supreme Court of Ohio declined to review our decisions. Thus, Mr. Mitchell is not entitled to extraordinary relief in mandamus. *See Peoples* at ¶ 12.

Case No. 2022-P-0044

{¶14} In addition, Mr. Mitchell's complaint demonstrates that he has previously and unsuccessfully raised his current argument. Thus, Mr. Mitchell is foreclosed from relitigating the same issue in this writ action. *See Peoples* at ¶ 14; *State ex rel. Woods v. Dinkelacker*, 152 Ohio St.3d 142, 2017-Ohio-9124, 93 N.E.3d 965, ¶ 7 (mandamus relief barred where the relator acknowledged he unsuccessfully raised the same argument in a prior motion).

{¶15} Mr. Mitchell relies on *State ex rel. McIntyre v. Summit Cty. Court of Common Pleas*, 144 Ohio St.3d 589, 2015-Ohio-5343, 45 N.E.3d 1003, where the Supreme Court of Ohio issued a peremptory writ of mandamus directing a trial court to issue a final, appealable order disposing of all the charges against the relator. *Id.* at ¶ 11. In that case, however, a jury was unable to reach a verdict on an amended charge, and none of the trial court's subsequent orders addressed it. *See id.* at ¶ 3-6, ¶ 9-10. Here, we have expressly stated on two prior occasions that there are no charges pending against Mr. Mitchell. Mr. Mitchell's apparent disagreement with our determination does not constitute a valid basis for mandamus relief.

{¶16} For the foregoing reasons, Judge Pittman's motion to dismiss is granted, and Mr. Mitchell's complaint is dismissed.


CYNTHIA WESTCOTT RICE, J., MARY JANE TRAPP, J., MATT LYNCH, J., concur.