[Cite as *State ex rel. Rosolowski v. Scott*, 2024-Ohio-2074.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE EX REL., BENJAMIN : 
ROSOLOWSKI,

     Relator, :

                                    No. 113709

     v. :

JUDGE W. MONA' SCOTT, ET AL., :

     Respondents. :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DISMISSED
**DATED:** May 28, 2024

---

Writ of Mandamus
Motion No. 573613
Order No. 574120

---

### *Appearances:*

Benjamin Rosolowski, *pro se*.

Mark Griffin, Cleveland Law Director, James R. Russell, Jr., Chief Assistant Director of Law, and Gilbert Blomgren Assistant Director of Law, *for respondents*.

LISA B. FORBES, J.:

{¶ 1} Relator, Bejamin Rosolowski ("Rosolowski"), seeks a writ of mandamus directing respondents, Judge W. Moná Scott ("Judge Scott") and Magistrate Tamela Womack ("Magistrate Womack," and collectively

"respondents"), of the Housing Division of the Cleveland Municipal Court, to reinstate an underlying forcible entry and detainer action that was dismissed without prejudice because respondents found that Rosolowski did not comply with certain Housing and Urban Development ("HUD") regulations prior to initiating the underlying action. For the reasons that follow, we grant respondents' motion to dismiss and dismiss the complaint for writ of mandamus.

## I.    Background

{¶ 2}    On March 8, 2024, Rosolowski filed the instant complaint. He asserted that on January 6, 2023, he initiated a forcible entry and detainer action, also known as an eviction action, in *Rosolowski v. Jackson*, Cleveland M.C. No. 2023-CVG-000195. He sought to evict an alleged holdover tenant whose rent was subsidized by a federal voucher program administered by the Cuyahoga Metropolitan Housing Authority ("CMHA"). Rosolowski further alleged that Magistrate Womack presided over a hearing that took place on July 3, 2023. Rosolowski alleged that on July 24, 2023, certain defenses raised by the tenant at the hearing were withdrawn, including the defense that Rosolowski failed "to serve the notice to vacate upon CMHA." Despite this, on July 26, 2023, Magistrate Womack issued a decision that recommended dismissal of the eviction action without prejudice because Rosolowski failed to serve a notice of the termination of the tenancy on CMHA, which was required by the lease and 24 C.F.R.

982.310(e)(2)(ii),[1] a federal regulation titled, "Owner termination of tenancy." Rosolowski filed timely objections. On January 2, 2024, Judge Scott issued an order that overruled the objections and dismissed the action without prejudice. Judge Scott also denied Rosolowski's request to designate the entry as a final order. Rosolowski argued that because Judge Scott refused to designate the order as final, he had no means to challenge the order and the requirement that he comply with the notice provisions of this HUD regulation in order to seek the eviction of a tenant.

{¶ 3} Rosolowski now asks this court to rule that compliance with HUD regulations that require notice to a public housing authority overseeing a voucher program before a landlord initiates an eviction action are not jurisdictional. He further seeks an order directing respondents to reinstate the underlying eviction action.

{¶ 4} On April 12, 2024, respondents filed a motion to dismiss Rosolowski's complaint for failure to state a claim on which relief could be granted. There, respondents argued that Rosolowski's complaint was an attempt to control judicial discretion and that he was attempting to use a writ of mandamus as a substitute for an appeal. Respondents also argued that Rosolowski possessed an adequate remedy at law.

{¶ 5} On April 25, 2024, Rosolowski timely filed a brief in opposition to respondents' motion to dismiss. There, he argued against the points the

---

[1] This provision states, "The owner must give the [Public Housing Authority] a copy of any owner eviction notice to the tenant."

respondents made in their motion to dismiss, including that Rosolowski lacked an adequate remedy at law.

## II. Law and Analysis

### A. Standard for Writ of Mandamus

{¶ 6} A writ of mandamus is an extraordinary remedy available when relators are able to demonstrate by clear and convincing evidence that they have a clear legal right to the requested relief, that the respondent has a clear legal duty to provide that relief, and that they lack an adequate remedy in the ordinary course of law. *State ex rel. Nyamusevya v. Hawkins*, 165 Ohio St.3d 22, 2021-Ohio-1122, 175 N.E.3d 495, ¶ 10, citing *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. The failure to meet these requirements means that a claimant cannot prevail. Generally, where a party possesses a right to appeal, "[t]he availability of an appeal is an adequate remedy sufficient to preclude a writ." *State ex rel. Luoma v. Russo*, 141 Ohio St.3d 53, 2014-Ohio-4532, 21 N.E.3d 305, ¶ 8. *See also State ex rel. White v. Woods*, 156 Ohio St.3d 562, 2019-Ohio-1893, 130 N.E.3d 271, ¶ 8 (finding that a final, appealable order existed, and that appeal was an adequate remedy at law that precluded relief in mandamus). Further, the ultimate success of the appeal or a relator's failure to pursue an available remedy is immaterial. *State ex rel. Davies v. Schroeder*, 160 Ohio St.3d 29, 2020-Ohio-1045, 153 N.E.3d 27, ¶ 10, citing *State ex rel. Peoples v. Johnson*, 152 Ohio St.3d 418, 2017-Ohio-9140, 97 N.E.3d 426, ¶ 11.

**{¶ 7}** The case is before this court on respondents' motion to dismiss. Under the standard in Civ.R. 12(B)(6), a court may dismiss a mandamus action "if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus." *Nyamusevya* at ¶ 10, citing *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 9.

### B. Adequate Remedy at Law

**{¶ 8}** This court will first address the third requirement for relief in mandamus because it is dispositive in this case. In his complaint and brief in opposition to respondents' motion to dismiss, Rosolowski argues that he has no adequate remedy at law to challenge respondents' decisions because he may not appeal the entry dismissing his forcible entry and detainer action because the dismissal was without prejudice. Generally, Rosolowski is correct that a dismissal without prejudice is not a final order capable of invoking appellate jurisdiction under R.C. 2505.02. *See Crown Servs. v. Miami Valley Paper Tube Co.*, 162 Ohio St.3d 564, 2020-Ohio-4409, 166 N.E.3d 1115. However, there are situations where an order dismissing a case without prejudice is capable of invoking appellate jurisdiction. *Natl. City Commercial Capital Corp. v. AAAA at Your Serv., Inc.*, 114 Ohio St.3d 82, 2007-Ohio-2942, 868 N.E.2d 663 (finding that an order dismissing a case without prejudice for lack of personal jurisdiction was a final, appealable order even though the dismissal was otherwise than on the merits). *See also Ward*

*v. Summa Health Sys.*, 184 Ohio App.3d 254, 2009-Ohio-4859, 920 N.E.2d 421, ¶ 7 (9th Dist.) (finding that a dismissal without prejudice for failure to file a Civ.R. 10(D)(2) affidavit of merit in a medical malpractice action was an appealable order); *Lippus v. Lippus*, 6th Dist. Erie No. E-07-003, 2007-Ohio-6886, ¶ 11-12 (finding that an involuntary dismissal without prejudice for failure to appear at a hearing was an appealable order); *MBNA Am. Bank, N.A. v. Harper*, 1st Dist. Hamilton No. C-060937, 2007-Ohio-5130, ¶ 1-3, 13; *MBNA Am. Bank, N.A. v. Canfora*, 9th Dist. Summit No. 23588, 2007-Ohio-4137, ¶ 6 (finding that the dismissal of a motion to confirm an arbitration award without prejudice was an appealable order); *White v. Lima Mem. Hosp.*, 3d Dist. Allen No. 1-86-62, 1987 Ohio App. LEXIS 9958, 8, (Dec. 7, 1987) (finding that an order dismissing an action without prejudice that contained a provision that prohibited the appellant from requesting a jury trial in a refiled action was an appealable order). Therefore, the question is not as simple as Rosolowski claims and an analysis is necessary of whether the dismissal order in the underlying case could invoke appellate jurisdiction.

{¶ 9} Initially, this court must address Rosolowski's claim that Judge Scott determined the issue of appealability in this case. In support of his argument that he could not appeal, Rosolowski claims that because Judge Scott would not include language in the entry rendering it a final order, it was not an order capable of invoking appellate jurisdiction. As a result, he claims he had no mechanism for appellate review and would be forced to comply with the notice provisions or

required to engage in a never-ending series of filings and dismissals without addressing the ultimate issue, making relief in mandamus his sole remedy.

{¶ 10} However, a trial judge has no authority to determine whether an order is capable of invoking appellate jurisdiction. A trial judge has latitude in the way it crafts its decisions, including adding Civ.R. 54(B) language, but it is the appellate court that determines whether an order is appealable under R.C. 2505.02. *State ex rel. Electronic Classroom of Tomorrow v. Cuyahoga Cty. Court of Common Pleas*, 129 Ohio St.3d 30, 2011-Ohio-626, 950 N.E.2d 149, ¶ 16, quoting *In re S.J.*, 106 Ohio St.3d 11, 2005 Ohio 3215, 829 N.E.2d 1207, ¶ 10-11 ("'[T]he determination as to the appropriateness of an appeal lies solely with the appellate court * * *.'"). Therefore, Judge Scott's refusal to include requested language in the dismissal entry is immaterial in this case.[2]

{¶ 11} In virtually identical circumstances, this court heard an appeal from an order entered by Judge Scott in an unrelated case dismissing a forcible entry and detainer action without prejudice based on a plaintiff's failure to comply with a local rule of court that required plaintiffs to certify that the subject premises were free of lead when filing a complaint. *Shaker House L.L.C. v. Daniel*, 2022-Ohio-2778, 193 N.E.3d 1159 (8th Dist.). Loc.R. 3.015 of the Cleveland Municipal Court, Housing

---

[2] Civ.R. 54(B) is inapplicable to the underlying action. "A judgment entry giving or denying a landlord possession of premises is final (and immediately appealable), regardless of whether other claims between the parties remain to be determined by the trial court." *Crossings Dev. Ltd. Partnership v. H.O.T. Inc.*, 96 Ohio App. 3d 475, 482, 645 N.E.2d 159 (9th Dist.1994). *See also Colombo Ents. v. Fegan*, 142 Ohio App.3d 551, 756 N.E.2d 211 (8th Dist.2001); *Day v. Derry*, 11th Dist. Trumbull No. 2023-T-0033, 2024-Ohio-791, ¶ 11.

Division, provided in part that a complaint for eviction must include "documentary evidence from the City of Cleveland [D]epartment of Building and Housing verifying Lead-Safe Certification of all residential units built before January 1, 1978, unless otherwise exempt." *Id.* at ¶ 7. There, an appeal was taken from an order dismissing a forcible entry and detainer action without prejudice after the plaintiff did not provide a certification that the leased premises were lead-free as required by a local rule of court. *Id.* at ¶ 10.

{¶ 12} During the pendency of the appeal, this court issued an order directing the parties to address why the appeal should not be dismissed for lack of a final, appealable order. *Id.* Motion No. 551864 (Jan. 13, 2022). On February 3, 2022, this court issued an order finding that this court had jurisdiction to hear the appeal:

> Sua sponte, this court ordered the appellant to file a motion to show cause why the appeal should not be dismissed based on the fact the forcible entry and detainer cause of action was dismissed without prejudice and the second cause of action for money damages remained pending. The appellee did not file a response. Based on the appellant's show cause brief, the appeal shall proceed forward. Although the appellant could refile the eviction action it would first have to obtain the lead-safe certificate that it claims is an invalid requirement. The appellant would have no recourse to determine whether Housing Court Local Rule 3.015, which imposes the certificate requirement, is enforceable when there is a statutory right to evict. Additionally, the second cause of action for money damages has been dismissed and eviction orders have been found to be final orders even when the claim for money damages remains pending. *See Bryan v. Johnston*, 7th Dist. Carrol No. 11 CA871, 2012-ohio-2703, ¶ 5.

*Id.* Motion No. 552289 (Feb. 3, 2022). This court addressed the merits of the appeal, found that the requirement imposed by Loc.R. 3.015 was invalid, and

determined that the trial judge could not enforce the local rule against landlords seeking to evict tenants. *Id*. at ¶ 28.

{¶ 13} Rosolowski is in the same position as the appellant in *Shaker House*. Rosolowski would need to comply with the trial court's requirement that he satisfy federal regulations and the notice provision in the lease before he could refile his eviction action or risk a cycle of filings and dismissals with the issue ultimately evading appellate review. Under these same circumstances, this court determined that, even though a forcible entry and detainer action was dismissed without prejudice, the order could invoke appellate jurisdiction under R.C. 2505.02. *Shaker House*.

{¶ 14} Similarly, this court found that an appeal constituted an adequate remedy at law precluding a writ of mandamus in an action concerning whether Civ.R. 6(A) applied to forcible entry and detainer actions. *State ex rel. GMS Mgt. Co. v. Lazzaro*, 8th Dist. Cuyahoga No. 97875, 2012-Ohio-3961. There, a landlord sought to evict a tenant in an action before the Berea Municipal Court. *Id*. at ¶ 1. The tenant successfully argued that the landlord did not fulfill the three-day notice period required by R.C. 1923.04(A), and the case was dismissed. In that case, the three-day notice was served on the tenant on a Wednesday and the action was commenced on the following Tuesday after a federal holiday was observed on Monday. *Id*. at ¶ 2. The tenant argued, and the trial judge agreed, that Civ.R. 6(A) applied to the notice period required under the statute. *Id*. This rule stated in part that "'[w]hen the period of time prescribed or allowed is less than seven days,

intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.'" *Id*. at ¶ 2, quoting Civ.R. 6(A). The landlord filed another eviction action and successfully obtained possession of the premises through that second action. *Id*. The landlord then instituted a mandamus action against the judge that presided over the eviction actions. *Id*. at ¶ 3. The landlord sought to have this court review the applicability of Civ.R. 6(A) to eviction actions.

{¶ 15} This court determined that mandamus was inappropriate because, among other reasons, the landlord possessed an adequate remedy at law through appeal. *Id*. at ¶ 12. This court noted that the cases on which the landlord relied to support that argument that Civ.R. 6(A) did not apply were all decided on appeal. *Id*. at ¶ 12, citing *Wodzisz v. Bayes*, 10th Dist. Franklin No. 96APE07-891, 1997 Ohio App. LEXIS 1229 (Mar. 25, 1997); *Fed. Property Mgt. v. Daugherty*, 2d Dist. Montgomery No. 12591, 1991 Ohio App. LEXIS 3048 (June 28, 1991); and *Willis v. Thibault*, 3d Dist. Marion No. 9-87-47, 1989 Ohio App. LEXIS 2967 (July 31, 1989). This court held that "mandamus is precluded because [the landlord] had or has an adequate remedy at law." *Id*. at ¶ 13.

{¶ 16} The virtually identical circumstances in *Shaker House*, 2022-Ohio-2778, 193 N.E.3d 1159, and similar circumstances in *Lazzaro* demonstrate that Rosolowski could have, but did not, appeal the dismissal of his eviction action and seek review of the respondents' determination of whether the notice provisions at

issue were jurisdictional.  Therefore, appeal constituted an adequate remedy at law that now precludes relief in mandamus.[3]

{¶ 17} Respondents' motion to dismiss is granted because Rosolowski cannot prevail in this action where he possesses or possessed an adequate remedy at law.  Costs assessed against relator.  The clerk is directed to serve on the parties notice of this judgment and its date of entry upon the journal.  Civ.R. 58(B).

{¶ 18} Complaint dismissed.

---

LISA B. FORBES, JUDGE

MARY EILEEN KILBANE, P.J., CONCURS;
SEAN C. GALLAGHER, J., DISSENTS

---

[3] This court takes no position on the ability of respondents to find that the satisfaction of notice provisions incorporated into the lease and federal regulations are required prerequisites to jurisdiction in a forcible entry and detainer action.