[Cite as *State ex rel. Holloway v. Saffold*, 2025-Ohio-1936.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE EX REL. CASE HOLLOWAY,  :

  Relator,    :   No. 115017

  v.       :

JEFFREY P. SAFFOLD,   :

  Respondent.   :

---

**JOURNAL ENTRY AND OPINION**

**JUDGMENT:** WRIT DENIED
**DATED:** May 23, 2025

---

Writ of Mandamus
Motion No. 583869
Order No. 584659

---

***Appearances:***

Case Holloway, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, *for respondent.*

MICHAEL JOHN RYAN, J.:

{¶ 1} Relator Case Holloway, pro se, seeks a writ of mandamus ordering respondent Judge Jeffrey P. Saffold to "grant" his "Motion to Vacate Void Judgment; Contrary to Law" and to "sever relator from co-defendant's indictment." For the

reasons that follow, relator's request for relief is moot, respondent's motion for summary judgment is granted, and the request for writ of mandamus is denied.

## I. Factual and Procedural Background

{¶ 2} On April 14, 2025, Holloway filed the instant petition for a writ of mandamus. In his petition, Holloway requests that respondent be ordered to "grant" the "Motion to Vacate Void Judgment; Contrary to Law" ("motion to vacate"), which Holloway filed pro se, on October 24, 2024, in his underlying criminal case, Cuyahoga C.P. No. CR-22-673380-C. Holloway asserts that his motion to vacate should be granted because the trial court's judgment with respect to Count 1 (engaging in a pattern of corrupt activity) was not supported by sufficient evidence and is, therefore, "void" and "contrary to law." Holloway contends that there is "no other way" to get the remedy he seeks because his sufficiency-of-the-evidence challenge was "denied/dismissed on appeal" and that he "can't appeal [his] motion [sic] to vacate void judgment" because "respondent did not issue finding of fact or conclusion of law for said judgment." Holloway also requests, without any further details, argument, or explanation, that respondent be ordered to "sever relator from co-defendant's indictment."

{¶ 3} On April 22, 2025, respondent filed a motion for summary judgment. Attached to that motion, and incorporated by reference in a supporting affidavit, was a certified copy of a journal entry journalized on April 21, 2025 that states:

> On October 20, 2023, defendant filed an appeal of his convictions in Case Number CR-22-673380-C in *State v. Holloway*, 8th Dist. Cuyahoga App. No. 113296, 2024-Ohio-3189 ("*Holloway*").

On August 22, 2024, the Eighth District Court of Appeals in *Holloway* remanded Case Number CR-22-673380-C for resentencing. *Id.*, ¶ 74.

On November 14, 2024, the trial court resentenced defendant in Case Number CR-22-673380-C as mandated by the Eighth District Court of Appeals in *Holloway*. (See attached entry).

For the foregoing reasons defendant's motion to vacate void judgement filed on October 24, 2024, is denied.

{¶ 4} Respondent argues that because of the entry, Holloway's request for a writ of mandamus is moot. Respondent further argues that Hollway's petition is defective, and should be dismissed, because it is not properly captioned "in the name of the state" as mandated by R.C. 2731.04.

{¶ 5} Holloway did not timely file an opposition to respondent's motion for summary judgment.

## II.    Law and Analysis

{¶ 6} A writ of mandamus is "a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specifically enjoins as a duty." R.C. 2731.01. A writ of mandamus is an extraordinary remedy. To be entitled to mandamus relief, the relator must establish by clear and convincing evidence that (1) he or she has a clear legal right to the requested relief, (2) the respondent has a clear legal duty to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Schwarzmer v. Mazzone*, 2025-Ohio-1246, ¶ 10; *State ex rel. Duncan v. Chambers-Smith*, 2025-Ohio-978, ¶ 10. "A writ of mandamus will generally not be issued to control judicial discretion." *State ex rel. Tentman v. Sundermann*, 2025-

Ohio-1284, ¶ 24, citing *State ex rel. Hunter v. Goldberg*, 2024-Ohio-4970, ¶ 8; R.C. 2731.03 ("The writ of mandamus may require an inferior tribunal to exercise its judgment, or proceed to the discharge of any of its functions, but it cannot control judicial discretion."). In other words, although a writ of mandamus may be used to require a judge to issue a ruling on a particular matter, it cannot be used to control what decision is issued. *Wesley v. Cuyahoga Cty. Court of Common Pleas*, 2020-Ohio-4921, ¶ 10 (8th Dist.). Thus, this court cannot issue a writ of mandamus ordering a lower court to grant relator's motion or otherwise rule in a certain way. *See, e.g., Clough v. Lawson*, 2012-Ohio-5831, ¶ 9 (11th Dist.) ("'[I]n the context of cases involving a judge's duty to rule upon pending motions, . . . [a writ of mandamus] cannot be used as a means of mandating a trial judge's holding on a particular matter; that is, while the writ will lie to require a judge to dispose of a pending motion, it will not lie to require a specific ruling.'"), quoting *State ex rel. Verbanik v. Girard Mun. Court Judge Bernard*, 2007-Ohio-1786, ¶ 7 (11th Dist.).

{¶ 7} Further, mandamus will not compel the performance of a duty that has already been performed. *State ex rel. S.Y.C. v. Floyd*, 2024-Ohio-1387, ¶ 15. A mandamus claim becomes moot when a respondent performs the duty requested to be performed. *Id.* at ¶ 14-15. Thus, where a relator seeks a writ of mandamus to compel a respondent to issue a ruling, and, during the course of the action, the respondent issues a ruling, the mandamus claim becomes moot. *State ex rel. Scott v. Gall*, 2020-Ohio-929, ¶ 8.

{¶ 8} The case is before this court on respondent's motion for summary judgment. Pursuant to Civ.R. 56(C), summary judgment is appropriate when no genuine issue exists as to any material fact and, viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party, entitling the moving party to judgment as a matter of law. *State ex rel. Dodson v. Phipps*, 2024-Ohio-4928, ¶ 21; Civ.R. 56(C).

{¶ 9} With respect to respondent's argument that Holloway's petition should be dismissed because Holloway did not properly caption his petition "in the name of the state on the relation of the person applying" as required under R.C. 2731.04, we note that Holloway used a form that had "State ex rel." preprinted as part of the caption, then filled in his name, inmate number, and address in the blanks that followed. Accordingly, Holloway properly captioned his petition "in the name of the state on the relation of the person applying" in accordance with R.C. 2731.04.

{¶ 10} Respondent, however, has submitted evidence in support of his motion for summary judgment that demonstrates that relator's claim for mandamus is moot and should be denied. Judge Saffold has now issued a ruling denying the motion to vacate. To the extent that Holloway sought a writ to compel Judge Saffold to "grant" the motion or to "sever relator from co-defendant's indictment," such relief is not available through a writ of mandamus. *See, e.g., Wesley*, 2020-Ohio-4921, at ¶ 10 (8th Dist.); *Clough*, 2012-Ohio-5831, at ¶ 9 (11th Dist.); R.C. 2731.03.

{¶ 11} Further, with respect to Holloway's conclusory request for an order requiring Judge Saffold to "sever relator from co-defendant's indictment," the publicly available, online dockets for Cuyahoga C.P. Nos. CR-22-673380-A, CR-22-673380-B, CR-22-673380-C, and CR-22-673380-D — the criminal cases against Holloway and his codefendants[1] — show that a separate jury trial was held in September 2023 on the charges against Holloway after his codefendants entered guilty pleas. *See also State v. Holloway*, 2024-Ohio-3189 (8th Dist.).

{¶ 12} Given that Judge Saffold has now ruled on Holloway's motion to vacate, Holloway has received all the relief he could have received on his mandamus claim. *State ex rel. S.Y.C.*, 2024-Ohio-1387, at ¶ 15-16; *Wesley*, 2020-Ohio-4921, at ¶ 11 ("[W]here relators seek to compel a respondent to issue a ruling, and during the course of the action the respondent issues such a ruling, the relators have then received all the relief to which they are entitled. The action, therefore, becomes moot."). Accordingly, to the extent Holloway's petition presents a claim properly raised in mandamus, Holloway's mandamus claim is moot. Holloway has not filed a response to respondent's motion for summary judgment and, therefore, has not disputed that the action is moot based on the trial court's ruling.

---

[1] *See, e.g., State ex rel. Fischer Asset Mgmt., LLC v. Scott*, 2023-Ohio-3891, ¶ 3, fn. 1 (8th Dist.) (observing, in original action, that "[t]his court is permitted to take judicial notice of court filings that are readily accessible from the internet"); *Patterson v. Cuyahoga Cty. Common Pleas Court*, 2019-Ohio-110, ¶ 2, fn. 1 (8th Dist.) (setting forth procedural history relevant to mandamus action based on review of "publicly available dockets"), citing *Cornelison v. Russo*, 2018-Ohio-3574, ¶ 8, fn. 2 (8th Dist.), citing *State ex rel. Everhart v. McIntosh*, 2007-Ohio-4798, ¶ 8.

{¶ 13} Finally, Holloway could raise (or could have raised) any alleged error with respect to the trial court's denial of his motion to vacate, severance of claims, or the indictment in an appeal, providing him with an adequate remedy at law, which precludes relief in mandamus. *See, e.g., State ex rel. Rosolowski v. Scott*, 2024-Ohio-2074, ¶ 6 (8th Dist.) ("Generally, where a party possesses a right to appeal, '[t]he availability of an appeal is an adequate remedy sufficient to preclude a writ.'"), quoting *State ex rel. Luoma v. Russo*, 2014-Ohio-4532, ¶ 8; *see also State ex rel. Sands v. Culotta*, 2019-Ohio-4129, ¶ 12 ("[R]elief in mandamus is unavailable to challenge a defective indictment. . . . A relator has an adequate remedy at law by way of appeal to challenge the sufficiency of a charging instrument."), citing *State ex rel. Hamilton v. Brunner*, 2005-Ohio-1735, ¶ 6, and *State ex rel. Bennett v. White*, 93 Ohio St.3d 583, 584 (2001).[2]

{¶ 14} We, therefore, grant respondent's motion for summary judgment and deny relator's request for a writ of mandamus. Costs assessed against relator; costs waived. The clerk is directed to serve on all parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

---

[2] Indeed, Hollway raised an issue with the indictment in his direct appeal of his convictions. *See Holloway*, 2024-Ohio-3189, at ¶ 16-25 (8th Dist.).

**{¶ 15}** Writ denied.

_____
MICHAEL JOHN RYAN, JUDGE

EILEEN A. GALLAGHER, A.J., and
LISA B. FORBES, J., CONCUR