[Cite as *State ex rel. Lundeen v. Miday*, 2026-Ohio-1458.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE EX REL. JAMES E. LUNDEEN, :
ET AL.,

                                            :

        Relator,

                                            :               No. 115697

        v.

                                            :

SHERRIE MIDAY, JUDGE,

                                            :

        Respondent.

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED
**DATED:** April 21, 2026

---

Writ of Mandamus
Motion No. 589937
Order No. 594454

---

### *Appearances:*

Ratliff Law Office, and J.C. Ratliff, Rocky Ratliff, and Nick Barons, *for relator*.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Michael J. Stewart, Assistant Prosecuting Attorney, *for respondent*.

---

ANITA LASTER MAYS, J.:

{¶ 1} James E. Lundeen, Cynthia M. Lundeen, and Sir Isaac Newton Enterprises, LLC ("Lundeens"), the relators, seek a writ of mandamus in an effort to

compel Judge Sherrie Miday, the respondent, to vacate an order that dismissed the relators' counterclaim that was pending in *Troicky v. Lundeen, et al.,* Cuyahoga C.P. No. CV-25-116208. Judge Miday has filed a motion to dismiss that is granted for the following reasons.

## I. BACKGROUND

### A. Facts

{¶ 2} The following facts are gleaned from the Lundeens' complaint for mandamus, Judge Miday's motion to dismiss, the Lundeens' brief in opposition to the motion to dismiss, and the supplemental brief filed by Judge Miday.

{¶ 3} On January 24, 2025, a complaint for forcible entry and detainer was filed in the Cleveland Hts. Municipal Court, *Troicky v. Lundeen, et al.*, Cleveland Hts. M.C. No. CVG-25-00067. The complaint for forcible entry and detainer sought the eviction of the Lundeens from the residential property located at 2380 Overlook Road, Cleveland Heights, Ohio 44106. Specifically, the eviction was based upon: 1) Troicky is the owner of the residential premises located at 2380 Overlook Road, Cleveland Heights, Ohio 44106; 2) Troicky took title to the premises on or around August 12, 2024; 3) the property is not a rental and is not registered as such with the City of Cleveland Heights; 4) the Lundeens are residing at the premises without the permission of Troicky and without right to possess and/or occupy the same; 5) on January 15, 2025, Troicky caused to be served upon the Lundeens a written notice to leave the premises ("3-day notice") for noncolor of title as required by R.C. 1923.04; 6) the Lundeens have failed and refused to leave the premises and

have been continuing to unlawfully and forcibly detain from Troicky possession of the premises; and 7) Troicky is entitled to an order granting restitution of the premises and ordering the Lundeens to vacate.

{¶ 4} On March 27, 2025, the Lundeens filed a counterclaim for "false light invasion of property" and prayed for damages in excess of $25,000. On March 28, 2025, the forcible-entry-and-detainer action, as well as the counterclaim, were certified for transfer to the Cuyahoga County Common Pleas Court because the counterclaim exceeded the monetary jurisdiction of the Cleveland Heights Municipal Court. On April 23, 2025, the forcible-entry-and-detainer action, and the counterclaim, were filed in the Cuyahoga County Common Pleas Court and Judge Miday was assigned as the trial judge. On May 19, 2025, Troicky filed a Civ.R. 12(C) motion for judgment on the pleadings with regard to the Lundeens' counterclaim for false light invasion of privacy. On September 30, 2025, Judge Miday granted the motion for judgment on the pleadings and held that

> [p]laintiff's motion to dismiss defendants' counterclaim, filed 05/19/2025, is granted. The court has considered plaintiff's motion filed 05/19/2025 and defendants' brief in opposition filed 09/11/2025. Plaintiff has moved to dismiss the counterclaim pursuant to Civ.R 12(C). The standard applied under Civ.R.12(C) motion for judgment on the pleadings requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law. *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 1996 Ohio 459, 664 N.E. 2d 931 (1996). Pursuant to Civ.R. 12(C), dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief. *Vinicky v. Pristas*, 163 Ohio App.3d 508, 2005-Ohio-5196, 839 N.E.2d 88, ¶ 3 (8th Dist.).

Defendants' counterclaim is for false light invasion of privacy. "To establish false light invasion of privacy, a plaintiff must show: (1) the defendant gave publicity to a private matter concerning the plaintiffs; (2) the publicity placed the plaintiff in a false light; (3) the false light would be highly offensive to a reasonable person; and (4) the defendant had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the plaintiff would be placed." *Id.*, citing *Welling* at syllabus. "To be actionable false light, 'the statement made must be untrue.'" *Id.*, citing *Welling* at 52*; see also Murray v. Chagrin Valley Publishing Co.*, 2014-Ohio-5442, 25 N.E.3d 1111, 38 (8th Dist.) (finding there must be untruthful statements commenting on private matters to be actionable false light).

Defendants' counterclaim does not establish the elements of false light invasion of privacy. The court finds plaintiff's motion well taken and granted. In construing the material allegations in the complaint, with all reasonable inferences to be drawn therefrom in favor of the nonmoving party as true, the court finds that no material factual issues exist and that the movant George Troicky is entitled to judgment as a matter of law under Civ.R. 12(C). Defendants' counterclaim is dismissed with prejudice.

Journal Entry No. 202176894 (Sept. 30, 2025).

{¶ 5} On October 17, 2025, the Lundeens filed their complaint for a writ of mandamus. On November 21, 2025, Judge Miday filed a motion to dismiss the complaint for mandamus. On December 5, 2025, the Lundeens filed a brief in opposition to the motion to dismiss. On December 24, 2025, Judge Miday filed a supplemental brief in support of the motion to dismiss.

## II. LEGAL ANALYSIS

{¶ 6} The Lundeens, in support of their complaint for mandamus, argue that Judge Miday did not possess the required jurisdiction to grant a Civ.R. 12(C) motion for judgment on the pleadings to dismiss their counterclaim. Specifically, the Lundeens argue that Judge Miday possessed no jurisdiction to act on the

Civ.R. 12(C) motion for judgment on the pleadings because no answer was filed in response to the counterclaim. Thus, the Lundeens argue that Judge Miday is required to vacate the judgment that granted the motion for judgment on the pleadings and dismissed their counterclaim based upon false light invasion of privacy.

## A. Standard for Granting Mandamus

{¶ 7} The Ohio Const., art., IV, § 3(B)(1)(b) provides this court with original jurisdiction over a complaint that seeks a writ of mandamus. A writ of mandamus, however, is an extraordinary remedy that can only be granted in a limited set of circumstances. *State ex rel. Parisi v. Heck*, 2013-Ohio-4948, ¶ 4 (2d Dist.). Mandamus can only be employed to compel the performance of a present existing duty to which there is a default. *State ex rel. Willis v. Sheboy*, 6 Ohio St.3d 167, 168 (1983); *State ex rel. Fed. Homes Properties, Inc. v. Singer*, 9 Ohio St.2d 95, 96 (1967).

{¶ 8} To be granted mandamus, the Lundeens must establish (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of Judge Miday, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Richardson v. Gowdy*, 2023-Ohio-976, ¶ 12; *State ex rel. Waters v. Spath*, 2012-Ohio-69, ¶ 6. The Ohio Supreme Court has held "[t]he availability of an appeal is an adequate remedy sufficient to preclude a writ." *State ex rel. Luoma v. Russo*, 2014-Ohio-4532, ¶ 8; *State ex rel. Peoples v. Johnson*, 2017-Ohio-9140, ¶ 11. The availability of an appeal is an adequate remedy in the ordinary course of the law even

if the relator fails to pursue an appeal. *Jackson v. Johnson*, 2013-Ohio-999, ¶ 11; *State ex rel. Gaydosh v. Twinsburg*, 93 Ohio St.3d 576, 578 (2001).

{¶ 9} The Lundeens argue that Judge Miday lacked jurisdiction to issue a ruling with regard to the Civ.R. 12(C) motion for judgment on the pleadings. Absent a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. In addition, a party challenging the trial court's jurisdiction possesses an adequate remedy at law through an appeal from the court's holding that it has jurisdiction. *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489, 492 (1997). Moreover, this court has discretion in issuing a writ. *State ex rel. Gilligan v. Hoddinott*, 36 Ohio St.2d 127, 132 (1973). Herein, Judge Miday is a judge of a common pleas court. A common pleas court is a court of general jurisdiction with subject-matter jurisdiction that extends to all matters at law and in equity that are not denied to it. Ohio Const., art. IV, § 4(B). *Ohio High School Athletic Assn. v. Ruehlman*, 2019-Ohio-2485, ¶ 7. In addition, once a case is transferred from a municipal court to a common pleas court, the case shall proceed as if it had been originally commenced in the common pleas court. R.C. 1901.22(G); *Yousef v. Yousef*, 2019-Ohio-3656, ¶ 9 (8th Dist.). Judge Miday unquestionably possessed subject-matter jurisdiction over the counterclaim and the Civ.R. 12(C) motion for judgment on the pleadings. Also, "when a specific action is within a court's subject-matter jurisdiction, any error in the exercise of that jurisdiction renders the court's judgment voidable, not void." *State v. Harper*,

2020-Ohio-2913, ¶ 26. Any extraordinary relief, such as through an original action, is not available to attack a voidable judgment. *State ex rel. Davic v. Franklin Cty. Court of Common Pleas*, 2023-Ohio-4569, ¶ 15; *State v. Harper*, ¶ 26. When a court possesses basic subject-matter jurisdiction to act, and an appeal is available, a writ will not issue. *France v. Celebrezze*, 2012-Ohio-5085, ¶ 10 (8th Dist.). Thus, we find that the Lundeens have failed to establish a right to have the dismissal of their counterclaim vacated, failed to establish that Judge Miday is required to vacate the judgment that dismissed their counterclaim, and have failed to establish that an appeal does not constitute an adequate remedy in the ordinary course of the law.

## B. Declaration as Vexatious Litigators

{¶ 10} The constitutional right of access to courts guaranteed under Ohio Const., art. I, § 16, is not unfettered. It does not include the right to impede the normal functioning of judicial processes. *State ex rel. Richard v. Cuyahoga Cty. Bd. of Commrs.*, 100 Ohio App.3d 592, 598 (8th Dist. 1995). By repeatedly filing meritless original actions and appeals, the Lundeens have continually taxed the limited and precious resources of this court and the clerk of courts. Exercising our inherent power under Loc.App.R. 23, we, sua sponte, declare the Lundeens vexatious litigators to prevent any further abuse by them of the judicial process. *See State v. Henderson*, 2014-Ohio-2274 (8th Dist.); *State ex rel. McGrath v. McClelland*, 2012-Ohio-157 (8th Dist.).

{¶ 11} Accordingly, the Lundeens are prohibited from instituting any appeals or original actions, continuing any appeals or original actions, or filing any

motions in any pending appeals or original actions, pro se, in the Eighth District Court of Appeals, without first obtaining leave of this court. The Lundeens are further prohibited from filing any appeals or original actions, pro se, in the Eighth District Court of Appeals without the filing fee and security for costs required by Loc.App.R. 3(A). *See McGrath.* Any request to file an appeal or original action shall be submitted to the clerk of this court for the court's review along with any appeal or original action.

## C. Disposition

{¶ 12} Accordingly, we grant Judge Miday's motion to dismiss. Costs to the Lundeens. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

{¶ 13} Complaint dismissed.

_____
ANITA LASTER MAYS, JUDGE

EILEEN A. GALLAGHER, P.J., and
DEENA R. CALABRESE, J., CONCUR